MADELEINE M. DALY *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF FAIRFIELD

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 2—decided April 30, 1963

*John J. Darcy,* for the appellant (defendant).

*Pierce J. Gerety,* for the appellee (plaintiff).

ALCORN, J. Under the zoning regulations of the town of Fairfield, originally adopted in 1925, no provision was made for radio towers in any zone. This limitation continued until 1960, when the defendant, the town plan and zoning commission, initiated and adopted an amendment to permit radio towers to be erected in residence zones under restrictions not now material. See Fairfield Zoning Regs. § 3, div. 1 (7) (b) (1960). The plaintiff appealed, and the court sustained the appeal on the ground that one of the members of the commission was disqualified to participate in the adoption of the amendment. The commission has appealed from the judgment. An assignment of error that the plaintiff is not an aggrieved person entitled to appeal does not require consideration in view of the commission's concession, made in the argument before us, that the plaintiff is aggrieved. The single question is whether the court was correct in deciding that the commission's action is invalid because one of its members, Elbert S. Overbaugh, was disqualified.

Overbaugh is president of a cemetery association in Fairfield with which he has been connected for many years. Prior to July 1, 1959, the cemetery association had contracted to sell a portion of its property to the Fairfield Broadcasting Company conditioned on the company's being permitted to

erect a radio tower on the premises. The land was in a residence A zone. An application was made by the Fairfield Broadcasting Company to the zoning board of appeals in Fairfield for a variance of the zoning regulations to permit the construction and maintenance of a radio broadcasting antenna not over 275 feet high on the land which the cemetery association had contracted to sell to the company. The board of appeals held hearings on the application on August 6, September 3 and September 17, 1959. At the hearings, the attorney for the applicant stated that the variance was required because the location had been selected, following very comprehensive engineering studies throughout the town, as the only possible location for the antenna in this area. An engineer for the applicant stated that he had canvassed the Fairfield area to determine where a radio station might be situated to meet the coverage requirements of the federal communications commission and that as a result of his investigation it was decided that the only logical location would be on the cemetery property for which the variance was sought. On the basis of his years of experience in allocating radio facilities, he stated that the Fairfield Broadcasting Company had no other choice of location. One of the group interested in the ownership of the broadcasting company stated that other possible properties within a radius of 1000 to 2000 feet had been considered but had been found unsuitable for reasons of price or other prohibitive terms. Overbaugh appeared before the board of appeals in support of the application for a variance and said that the cemetery association had no intention of selling the property unless the variance was granted. Following the hearings, the board, on September 17, 1959,

unanimously denied the application for a variance.

Within seven months thereafter, namely, on April 15, 1960, the town plan and zoning commission, of which Overbaugh was a member, advertised a public hearing on a proposal, initiated by it, to amend the zoning regulations to permit the erection of radio towers in residence districts under specified restrictions. The decision of the commission to propose the amendment was made several months before the hearing thereon was advertised, and Overbaugh participated in the meetings as a result of which the decision was reached. On April 27, 1960, the commission held the hearing on its proposed amendment. Overbaugh sat at the hearing as one member of the commission. The attorney who had represented the applicant for the variance at the hearings before the board of appeals during the preceding August and September appeared in support of the amendment proposed by the commission, stating, "This is, in essence, a rerun of an act . . . before the Zoning Board of Appeals some six months ago." Counsel for the plaintiff opposed the proposed amendment, as he had opposed the application for a variance. Following the hearing, the commission, with Overbaugh participating, on June 21, 1960, unanimously voted to amend the zoning regulations in accordance with its proposal so as to permit the erection of radio towers in residence districts under certain restrictions as set forth in its notice of the hearing.

The record is silent as to what part, if any, Overbaugh took either in initiating the proposal for the amendment or in the discussions among the members of the commission prior to its ultimate decision to adopt the change. This information is unnecessary, however, because the action of the

commission, taken under the circumstances disclosed, leaves Overbaugh's part in it open to misinterpretation or question by interested property owners. It is unnecessary to repeat here the standards we said in *Low* v. *Madison,* 135 Conn. 1, 60 A.2d 774, were to be required in such cases. We there pointed out (p. 7) that our decisions over the years have involved "a common and unifying philosophy of public official conduct in which fairness and impartiality are fundamental." While recognizing that we will not indulge in any assumption that public officers have acted dishonorably, we have declared it to be the policy of the law to keep public officials "so far from temptation as to insure the exercise of unselfish public interest." Id., 8.

Following the declaration of policy in *Low* v. *Madison,* the General Assembly gave it legislative support by enacting what is now § 8-11 of the General Statutes, which provides: "No member of any zoning commission or board and no member of any zoning board of appeals or of any municipal agency exercising the powers of any zoning commission or board of appeals, whether existing under the general statutes or under any special act, shall appear for or represent any person, firm, corporation or other entity in any matter pending before the planning or zoning commission or board or said board of appeals or any agency exercising the powers of any such commission or board in the same municipality, whether or not he is a member of the board or commission hearing such matter. No member of any zoning commission or board and no member of any zoning board of appeals shall participate in the hearing or decision of the board or commission of which he is a member upon any matter in which he is directly or indirectly inter-

ested in a personal or financial sense." Clearly, Overbaugh's appearance before the zoning board of appeals was a violation of that statute. The limited question on this appeal—whether it was a violation of that statute for him to participate in the hearing and the decision of the town plan and zoning commission, of which he was a member—is only incidental to whether such participation by him transgressed our public policy as declared in the *Low* case. There is nothing before us to indicate that any improper influence was exerted by Overbaugh on his associates, and we impute no such influence to him by our decision in this case. The evil lies not in influence improperly exercised but rather in the creation of a situation tending to weaken public confidence and to undermine the sense of security of individual rights which the property owner must feel assured will always exist in the exercise of zoning power. *Mills* v. *Town Plan & Zoning Commission,* 144 Conn. 493, 499, 134 A.2d 250. Involved, as Overbaugh was, in the action which he had advocated before the zoning board of appeals concerning the use of what was then described as the only suitable property in the town of Fairfield for the erection of a radio tower, he should have disqualified himself from any participation in action by the commission, of which he was a member, to amend the zoning regulations in a manner which would open the door to the very use he had unsuccessfully advocated before the board of appeals. See *Lage* v. *Zoning Board of Appeals,* 148 Conn. 597, 604, 172 A.2d 911. Overbaugh's participation in the action taken renders the attempted amendment invalid.

There is no error.

In this opinion the other judges concurred.