ABRAHAM JOSEPHSON ET AL. *v.* PLANNING BOARD OF THE CITY OF STAMFORD ET AL.

ARTHUR SMITH ET AL. *v.* ZONING BOARD OF THE CITY OF STAMFORD ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued March 3—decided March 31, 1964

*E. Gaynor Brennan,* with whom were *E. Gaynor Brennan, Jr.,* and, on the brief, *P. Benedict Fraser,* appellants-appellees (plaintiffs in each case).

*Morgan P. Ames,* with whom, on the brief, were *Walter B. Lockwood* and *Raymond T. Benedict,* for

the appellee-appellant (defendant The Stamford Hall Company in each case).

*Theodore Godlin,* assistant corporation counsel, with whom, on the brief, was *Sidney C. Kweskin,* corporation counsel, for the appellee (named defendant in each case).

HOUSE, J. The defendant The Stamford Hall Company applied to the defendant planning board in June, 1961, for an amendment to the master plan of Stamford to change the designation of fifteen acres of unimproved land owned by the company from "Residential, Multi-family, Low Density" to "Commercial, Neighborhood or Local Business." After a public hearing, the planning board made the requested amendment, subject, however, to stipulations which are of questionable validity when incorporated in such a master plan. The terms of the stipulations were taken from an agreement between The Stamford Hall Company and the Associated Dry Goods Corporation, which had contracted to buy the land of the former company if certain conditions were fulfilled. Subsequent to the action of the planning board, the defendant zoning board, on the application of The Stamford Hall Company, approved a change in the zonal classification of the fifteen acres from C-N, a neighborhood business district, and R-7 1/2, a one-family residence district, to C-L, a limited business district. Appeals were taken to the Court of Common Pleas from the action of the planning board in the Josephson case and from the action of the zoning board in the Smith case. The decisions of both these bodies were upheld, and the plaintiffs have appealed to this court. The Stamford Hall Company has filed a

cross appeal in both cases on the issue whether the plaintiffs were aggrieved persons.

The Stamford municipal charter provides that the zoning map cannot be amended "to permit a use in any area which is contrary to the general land use established for such area by the master plan." Stamford Charter § 552; 26 Spec. Laws 1234. Consequently, the legality of the zoning change rests on the legality of the amendment to the master plan, and hence the view we take on the action of the planning board disposes of the appeal from the zoning board.

The cross appeal of The Stamford Hall Company cannot be sustained. To be an aggrieved person one must establish a specific personal and legal interest in the subject matter of a decision as distinguished from a general interest such as is the concern of all members of the community. General Statutes § 8-28; *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832; *Langbein* v. *Planning Board,* 145 Conn. 674, 676, 146 A.2d 412. Whether a party falls within this definition is a question of fact for the trial court to determine. *Luery* v. *Zoning Board,* 150 Conn. 136, 140, 187 A.2d 247; *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 667, 154 A.2d 520. The trial court concluded that some of the plaintiffs were aggrieved. This finding has not been successfully attacked. Thus, there are proper parties in the appeals from the decisions of the planning board and the zoning board.

In the Josephson case an assignment of error, on which the plaintiffs particularly rely, is directed to the conclusion of the court that John Denham, a member of the planning board, had no such personal or financial interest in the subject matter of

the application presented to the planning board as would disqualify him from sitting on the matter.

Section 8-21 of the General Statutes entitled "[d]isqualification of members in matters before planning or zoning boards" provides, in part, as follows: "No member of any planning commission shall participate in the hearing or decision of the commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense." A similar provision provides for the disqualification of members of zoning authorities. § 8-11. These statutory provisions were enacted by the General Assembly in 1951 following the decision of this court in *Low* v. *Madison*, 135 Conn. 1, 60 A.2d 774, which clearly enumerated the criteria governing disqualification of members of zoning bodies. Sup. 1951, §§ 161b, 168b; Cum. Sup. 1955, §§ 382d, 392d. Since that decision, this court has had repeated occasion to reaffirm the principle that public policy requires that members of such public boards cannot be permitted to place themselves in a position in which personal interest may conflict with public duty. See *Mills* v. *Town Plan & Zoning Commission*, 144 Conn. 493, 134 A.2d 250; *Senior* v. *Zoning Commission*, 146 Conn. 531, 153 A.2d 415; *Lage* v. *Zoning Board of Appeals*, 148 Conn. 597, 172 A.2d 911; *Luery* v. *Zoning Board*, 150 Conn. 136, 187 A.2d 247; *Daly* v. *Town Plan & Zoning Commission*, 150 Conn. 495, 191 A.2d 250; *Lake Garda Improvement Assn.* v. *Town Plan & Zoning Commission*, 151 Conn. 476, 199 A.2d 162. The evil against which the policy is directed "lies not in influence improperly exercised but rather in the creation of a situation tending to weaken public confidence and to undermine the sense of security of individual

rights which the property owner must feel assured will always exist in the exercise of the zoning power." *Daly* v. *Town Plan & Zoning Commission,* supra, 500. "It is the policy of the law to keep the official so far from temptation as to ensure his unselfish devotion to the public interest." *Mills* v. *Town Plan & Zoning Commission,* supra, 498.

Denham was a member of the planning board of Stamford at the time the application for reclassification of this fifteen-acre parcel was heard by the planning board. He participated in the hearing and decision. William Pitt, a real estate agent, negotiated the sale of the fifteen-acre parcel from the applicant, The Stamford Hall Company, to the Associated Dry Goods Corporation. The sale was contingent upon the approval by the planning board of a change in the master plan and the rezoning of the area. For a period of twelve years prior to the hearing on this application, Pitt had provided and continued to provide Denham with free desk space and telephone service in Pitt's real estate office. The accommodations for Denham were provided for mutual convenience in expediting mortgage loans between Pitt's customers and Denham's employer, the Prudential Life Insurance Company. In this association, Denham has had two hundred or more mortgage transactions with Pitt on Pitt's sales.

The plaintiffs in advance of and again at the time of the hearing on the reclassification application raised the question of Denham's disqualification. Their objection was directly based on the association between Denham, a member of the planning board, and Pitt, the agent for the applicant, The Stamford Hall Company, on the sale of the property contingent upon favorable action by the planning board. The position which Denham

occupied placed him squarely in the status pro-
scribed by the decisions of this court—in a situa-
tion tending to weaken public confidence in the
proper exercise of the zoning power and in a posi-
tion where his personal interest might conflict with
his public duty. The test is not whether it does
conflict but whether it might conflict. Although the
question of disqualification was pressed with under-
standable delicacy and tact, nevertheless it was
clearly and seasonably raised.

There was error in the conclusion of the court
that Denham was not disqualified. He was dis-
qualified, and consequently the decision of the
planning board was invalid. The judgment in the
Josephson case must be set aside and the appeal
sustained. This decision controls the disposition
of the Smith case. As already noted, a zone change
in Stamford must be consistent with the master
plan. It having been determined that the amend-
ment to the master plan was not validly adopted
by the planning board, there was no legal basis for
the subsequent action of the zoning board. Accord-
ingly, the judgment in the Smith case must also
be set aside and the appeal sustained.

There is error in each case, the judgments are
set aside and the cases are remanded with direction
to sustain the appeals.

In this opinion the other judges concurred.