ROBERT E. THORNE ET AL. *v.* ZONING COMMISSION OF THE TOWN OF OLD SAYBROOK

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 5—decision released June 26, 1979

*Peter M. Sipples,* with whom, on the brief, was *George J. Kinsley,* for the appellant (defendant).

*William H. Champlin III,* for the appellees (plaintiffs).

Longo, J.  This is an appeal from the action of the defendant zoning commission of the town of Old Saybrook which, as part of a comprehensive revision of the zoning regulations and maps of the town, changed the zone classifications of the property of the plaintiffs, Robert E. Thorne and Louis Pepe, from a "Local Business Zone" to an "A Residence Zone."  The plaintiffs appealed the change of zone classification to the Court of Common Pleas, and the court, after a hearing, sustained the appeal and invalidated the zone change because of the personal interest of the commission's chairman.  In addition to sustaining the appeal, the court ordered a new zone classification for the plaintiffs' properties.  It is from the resulting judgment rendered by the trial court that the commission has appealed to this court.

The trial court found the following facts:  The plaintiffs' property consists of approximately seventenths of an acre located on the west side of Ferry Road in Old Saybrook, upon which stands a two story, ten room, antique, colonial residence.  In

September, 1973, the zoning commission, following a five year study of existing zoning conditions in the town, voted unanimously to revise completely the town's zoning regulations and maps. As part of the revision, the plaintiffs' property, which had been zoned "Business Local" or "Commercial Local Business" since 1948, was changed to "A Residence Zone," altering the entire character of the uses authorized since 1948. Prior to the zone change, those uses permitted retail stores, banks, office studios, newspapers, printing, mortuaries, restaurants, taverns, theaters, hotels, filling stations, public garages and auto sales facilities. As a new "A Residence Zone," permissible uses for the plaintiffs' property were limited to single family detached dwellings, professional offices, schools, parks, day nurseries, convalescent homes, churches and hospitals. The plaintiffs' property was the only parcel of land with a building situated within approximately a one-mile radius which was changed from a business use to primarily a residential use. Much of the land directly across Ferry Road and to the north of the plaintiffs' property is designated as a marine commercial zone, authorizing business related to marine purposes, and the land area is a burgeoning commercial marine complex, housing many marinas. The most appropriate use for the plaintiffs' property in light of the surrounding area is for commercial use.

The court further found that Ross L. Byrne, as chairman of the zoning commission of the town of Old Saybrook, voted in favor of the zone change for the plaintiffs' property, was moderator of the public hearing and participated on the zone change which affected the plaintiffs' property. At the time of the zone change, Byrne's parents and sister owned and occupied property immediately to the north

and adjacent to the plaintiffs' property, and their property was zoned Residential A before and after the zone change of the plaintiffs' parcel from commercial to residential use. In 1976, Byrne presented a petition to the zoning board of appeals of the town of Old Saybrook, signed by property owners on Ferry Road, including his parents and sister, expressing opposition to a variance for a commercial radio tower which, as Byrne stated, would significantly reduce property values of the homes in the adjoining area. Byrne, at the time he participated in the hearings and voted on the zone change of the plaintiffs' property, did not publicly disclose to the commission members or to the public the fact that his sister and parents lived in two residences located adjacent to the plaintiffs' property on the northwesterly side of Ferry Road. The planning consultant of the town of Old Saybrook in a report to the zoning commission, following the public hearing, noted that the plaintiffs' property was a "special case involving knowledge and particular property."

From the facts found, the trial court concluded that (1) the chairman of the zoning commission was directly or indirectly interested in a personal sense in the zone change of the plaintiffs' property because of the close proximity of his parents' and sister's Residence A zoned homes to the plaintiffs' property, and (2) he participated in the hearing and decision of the commission in violation of § 8-11 of the General Statutes. In addition to invalidating the zone change as to the plaintiffs' property only, the court revised the commission's decision by designating the plaintiffs' property "Marine Commercial" in order to restore it to a zone most closely approximating its prior designation without compromising the new zoning plan and the community's plan of

development, and to make the zone designation consistent with the properties in the immediate south and east. The defendant's assignments of error are directed to the conclusions reached by the trial court and are dispositive of the appeal.

We first consider the defendant's claim that the court erred in determining that § 8-11 of the General Statutes,[1] providing for disqualification of a zoning commission member, is applicable when a zoning commission effects a comprehensive revision of zoning in the community, and that, in any event, Byrne's interest in the matter was so remote so as not to warrant disqualification. We find no merit to these claims. Section 8-11 provides that no member, directly or indirectly interested in a personal or financial sense in *"any* matter" coming on for a decision or hearing of the commission may participate in that hearing. It is readily apparent from a

---

[1] "[General Statutes] Sec. 8-11. DISQUALIFICATION OF MEMBERS OF ZONING AUTHORITIES. No member of any zoning commission or board and no member of any zoning board of appeals or of any municipal agency exercising the powers of any zoning commission or board of appeals, whether existing under the general statutes or under any special act, shall appear for or represent any person, firm, corporation or other entity in any matter pending before the planning or zoning commission or board or said board of appeals or any agency exercising the powers of any such commission or board in the same municipality, whether or not he is a member of the board or commission hearing such matter. No member of any zoning commission or board and no member of any zoning board of appeals shall participate in the hearing or decision of the board or commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense. In the event of such disqualification, such fact shall be entered on the records of the commission or board and, unless otherwise provided by special act, any municipality may provide by ordinance that an elector may be chosen, in a manner specified in the ordinance, to act as a member of such commission or board in the hearing and determination of such matter, except that replacement shall first be made from alternate members pursuant to the provisions of sections 8-1b and 8-5a."

review of the statute as written that no exception to its disqualification requirement is provided for the case of a comprehensive revision of a town's zoning regulations. The defendants have not directed us to any authority which would persuade us to construe the statute in the manner in which they advocate. There is neither a policy reason nor a legislative purpose which would be served by the specie of exception argued by the defendants. Section 8-11 functions as a preventative measure to assure the public that individual property rights will be protected in the zoning process. Public policy unquestionably requires that zoning officials, in all matters properly before them for decision, decline to participate in situations which might reasonably conflict with private, personal or financial interest. The public official "must not be permitted to place himself in the position in which personal interest may conflict with his public duty." *Low* v. *Madison,* 135 Conn. 1, 8, 60 A.2d 774 (1948). Byrne's status as a public officer thus forbade him, whether the matter was the initial adoption of zoning regulations, or a comprehensive revision thereof, from placing himself in a position where his private interest might conflict with his public duty. *Dana-Robin Corporation* v. *Common Council,* 166 Conn. 207, 213, 348 A.2d 560 (1974); *Kovalik* v. *Planning & Zoning Commission,* 155 Conn. 497, 498, 234 A.2d 838 (1967); *Daly* v. *Town Plan & Zoning Commission,* 150 Conn. 495, 499–500, 191 A.2d 250 (1963); *State ex rel. Stage* v. *Mackie,* 82 Conn. 398, 401, 74 A. 759 (1909). We thus conclude that the disqualification mandate of § 8-11 of the General Statutes applies not only to the initial adoption of zoning regulations and any amendment thereto, but also, as here, to a comprehensive revision of those regulations.

There was, similarly, no error in the judgment of the trial court finding that Byrne was "directly or indirectly," in a "personal or financial sense," interested in the decision of the commission redesignating the plaintiffs' property from a business to a residential zone. Section 8-11 of the General Statutes clearly requires that a member of the zoning commission or board shall disqualify himself when the decision of the zoning authority could inure to his benefit, and forbids a member of a zoning commission or board of appeals from participating in any matter in which he has a personal interest in the outcome.[2] A personal interest has been defined as an interest in either "the subject matter or a relationship with the parties before the zoning authority impairing the impartiality expected to characterize each member of the zoning authority.

[2] The statutory provisions requiring disqualification of members of zoning authorities in matters in which they have a prohibited interest, General Statutes §§ 8-21 and 8-11, were enacted by the General Assembly in 1951 following the decision of this court in *Low* v. *Madison,* 135 Conn. 1, 60 A.2d 774 (1948), which clearly enumerated the criteria governing disqualification of members of zoning bodies. See Sup. 1951, §§ 161b, 168b; Sup. 1955, §§ 382d, 392d. Since that decision, this court has had repeated occasion to reaffirm the principle that public policy requires that members of such public boards cannot be permitted to place themselves in a position in which personal interest may conflict with public duty. See *Mills* v. *Town Plan & Zoning Commission,* 144 Conn. 493, 134 A.2d 250 (1957); *Senior* v. *Zoning Commission,* 146 Conn. 531, 153 A.2d 415, appeal dismissed, 363 U.S. 143, 80 S. Ct. 1083, 4 L. Ed. 2d 1145 (1959); *Lage* v. *Zoning Board of Appeals,* 148 Conn. 597, 172 A.2d 911 (1961); *Luery* v. *Zoning Board,* 150 Conn. 136, 187 A.2d 247 (1962); *Daly* v. *Town Plan & Zoning Commission,* 150 Conn. 495, 191 A.2d 250 (1963); *Lake Garda Improvement Assn.* v. *Town Plan & Zoning Commission,* 151 Conn. 476, 199 A.2d 162 (1964). The problem to which the statute speaks lies in the "creation of a situation tending to weaken public confidence and to undermine the sense of security of individual rights which the property owner must feel assured will always exist in the exercise of zoning power." *Daly* v. *Town Plan & Zoning Commission,* supra, 500.

A personal interest can take the form of favoritism toward one party or hostility toward the opposing party; it is a personal bias or prejudice which imperils the open-mindedness and sense of fairness which a zoning official in our state is required to possess. . . . The decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one and depends on the circumstances of the particular case." *Anderson* v. *Zoning Commission,* 157 Conn. 285, 290–91, 253 A.2d 16 (1968); see *Housing Authority* v. *Dorsey,* 164 Conn. 247, 252, 320 A.2d 820, cert. denied, 414 U.S. 1043, 94 S. Ct. 548, 38 L. Ed. 2d 335 (1973); *Lake Garda Improvement Assn.* v. *Town Plan & Zoning Commission,* 151 Conn. 476, 480, 199 A.2d 162 (1964); *Mills* v. *Town Plan & Zoning Commission,* 144 Conn. 493, 134 A.2d 250 (1957); 63 Am. Jur. 2d, Public Officers and Employees § 281. The test is not whether personal interest does, in fact, conflict, but whether it reasonably might conflict. *Josephson* v. *Planning Board,* 151 Conn. 489, 493–95, 199 A.2d 690 (1964). While we make it clear that there is no evidence that Byrne exercised any improper influence upon the commission, and we impute no such impropriety to him, we conclude that, in view of the chairman's interest in the zone change, as evidenced by the close proximity of his parents' and sister's residences to the plaintiffs' property and by his interest on their behalf in maintaining the residential character of the locality, the court did not err in holding the commission's action a nullity as to the plaintiffs' property.

The defendant's remaining claim is that, upon finding that the commission's action with respect to the plaintiffs' property was invalid, the trial court

erred in proceeding further when, rather than simply sustaining the appeal, it designated a new zone classification—marine commercial—for the plaintiffs' property. We agree. When, on a zoning appeal, it appears that as a matter of law there was but a single conclusion which the zoning authority could reasonably reach, the court may direct the administrative agency to do or to refrain from doing what the conclusion legally requires. *Watson* v. *Howard,* 138 Conn. 464, 470, 86 A.2d 67 (1952); *Executive Television Corporation* v. *Zoning Board of Appeals,* 138 Conn. 452, 457, 85 A.2d 904 (1952); *Bishop* v. *Board of Zoning Appeals,* 133 Conn. 614, 623, 53 A.2d 659 (1947). In the absence of such circumstances, however, "the court upon concluding that the action taken by the administrative agency was illegal, arbitrary or in abuse of its discretion should go no further than to sustain the appeal taken from its action. For the court to go further and direct what action should be taken by the zoning authority would be an impermissible judicial usurpation of the administrative functions of the authority." *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 753–54, 345 A.2d 9 (1974); *Guerriero* v. *Galasso,* 144 Conn. 600, 608, 136 A.2d 497 (1957); *Watson* v. *Howard,* supra, 469–70. The applicability of this principle is apparent in the present case. As the town's zoning regulations provide for at least thirteen different zone classifications, there is clearly more than a "single conclusion which the . . . [zoning authority] could reasonably reach" with respect to the zone designation of the plaintiffs' property. *Watson* v. *Howard,* supra, 470. To hold otherwise would amount to the sanction of an improper judicial encroachment upon the administrative function of the zoning commission. We conclude that the

court erred in revising the decision of the commission to designate the plaintiffs' property marine commercial.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except as modified to accord with this opinion.

In this opinion the other judges concurred.