[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, aggrieved by a decision of the defendant Commission denying its application for a change of zone from "A-Residence" to "Garden Apartment," brings an appeal to this court.
On September 22, 1989 plaintiff brought its application to the defendant Commission seeking said zone change for the purpose of constructing 37 Condominium units on its property located at 25, 43 and 65 Summit Street, 50 Infield Street and 50 Slawson Street in Bridgeport.
The defendant scheduled a public hearing on this matter for November 30, 1987, but on November 23, 1987, plaintiff requested its petition be placed on a future agenda.
A public hearing was held on February 29, 1988 and the plaintiff's application was denied as: (1) incompatible with existing development in the area, (2) as leaving unresolved, certain traffic problems, and (3) the project is excessive in its density.
Plaintiff asserts in its appeal that, (1) the defendant was required to approve the application as it failed to commence a public hearing on the application within the time prescribed by Conn. Gen. Stats. 8-7d; and (2) the Commission "acted arbitrarily, illegally, capriciously, unreasonably, without authority, and in abuse of its discretion, as its conclusions are contrary to law and not substantiated by the evidence; and, because the commission failed to state its reasons for denial in the published Notice of Decision;"
 I
Plaintiff's first assertion is an attempt to re-litigate the same claim it made in seeking a writ of mandamus in the matter of Summit Associates Development v. Bridgeport Zoning Commission, D.N. 247836 (Feb. 10, 1989). There the same parties to this action fully presented to the court (G. Saden, Referee) CT Page 2405 the question of whether or not the defendant commission was obliged, by reason of the time constraints of Conn. Gen. Stats.8-7d, to grant defendants application for the requested zone change.
The question was answered in the negative. "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . .
Although the methods of presenting and determining controversies and facts on which they arise may differ in equity and at law, so long as the identity of the controversy can be discerned, the adjudication in one court is conclusive in the other. . . .
Indeed, it is not the form a ruling assumes, nor how induced, but the substance that lays the cornerstone for res judicata." Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556,559-60 (1980).
This court will not undertake the re-examination of a question already litigated.
 II
A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. Frito-Lay, Inc. v. PZC, 206 Conn. 554, 572-73 (1988). The court is only to determine whether the agency has acted illegally, arbitrarily or in abuse of its discretion. Raybestos Manhattan, Inc. v. PZC,186 Conn. 466, 470 (1982). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Burnham v. PZC, 189 Conn. 261, 265 (1983). The burden of proof to demonstrate that the board acted improperly is on the plaintiff. Adolphson v. ZBA, 205 Conn. 703, 707
(1988).
The court's review is especially limited on an appeal requesting a zone change, which may be directed only "where it appears as a matter of law there was but a single conclusion which the zoning authority could reasonably reach." Thorne v. Zoning Commission, 178 Conn. 198, 206 (1979). There the court said "The applicability of this principle is apparent in the present case. As the town's zoning regulations provide for at least thirteen different zone classifications, there is clearly more than a `single conclusion which the zoning authority could CT Page 2406 reasonably reach' with respect to the zone designation of the plaintiffs' property. . . "
"To hold otherwise would amount to the sanction of an improper judicial encroachment upon the administrative function of the zoning commission."
Plaintiff in effect, asks the court to reverse the decision of the defendant Commission and order the existing "A-Residence" zone changed to "Garden Apartment". The Bridgeport Zoning Regulations divides the city into thirteen zones. "As the town's zoning regulations provide for at least thirteen zone classifications, there is clearly more than a single conclusion which the zoning authority could reasonably reach with respect to the zone designation of the plaintiff's property." Thorne,178 Conn. at 206.
The Commission denied plaintiff's petition for a change of zone for three reasons, namely: (l) the proposed development is incompatible with existing development in the area. (2) traffic problems are not resolved by new proposal. (3) the project is excessive in its density. The record clearly supports the decision of the Commission as to each of its reasons.
In an appeal involving a decision upon an application for a change of zone the action of the commission should be sustained if even one of the stated reasons is sufficient to support it. Burnham v. PZC, 189 Conn. 261, 265 (1983).
"Pursuant to General Statutes 8-2, a zoning authority shall consider various goals in making a zone change, including the reduction of street congestion, the prevention of undue population concentrations and the encouragement of the most appropriate land use. Commission members' personal knowledge and observations relevant to these factors may be relied on to the same extent as if they were in evidence." (citation omitted).
"Expert Testimony of matters of traffic control and real estate markets is not required." Dram Associates v. PZC,21 Conn. App. 538, 542 (1990).
The Commission did not act illegally, arbitrarily or in abuse of its discretion in denying plaintiff's petition. The plaintiff's appeal is dismissed.
McKEEVER, JUDGE. CT Page 2407