[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATEMENT OF THE CASE
Plaintiffs appeal the grant of an amendment to a special permit that allows the applicants to expand a nonconforming use.
FACTS
Michael Buscetto, Jr. (Buscetto), the primary applicant, operates Michael's Dairy, an ice cream parlor and snack shop, in New London. (ROR #1, pp. 2, 7.) On February 4, 1988, the New London Planning Zoning Commission ("PZ") granted Buscetto a special use permit to operate a snack shop in an existing dairy structure. (ROR #1, pp. 3, 5.) On January 4, 1989, Buscetto requested the PZ to amend the special use permit to allow him to extend his operating hours and add outdoor seating. (ROR, Exhs. A B.) The PZ held a hearing on April 13, 1989, and granted the amendment by a vote of 4-2. (ROR #1, pp. 1, 43.)
The plaintiffs, William J. Stanley and Elaine Adams, own nearby property. (ROR #1, pp. 10, 21.) On May 8, 1989, the plaintiffs appealed to superior court pursuant to Connecticut General Statutes, section 8-8. The plaintiffs sued Buscetto, Michael Buscetto (father), the Montauk Realty Co., and the PZ. Per order of the court, Hurley, J., the plaintiffs deposed Robert M. Roy, a PZ member, and added the transcript of his deposition into the record. The plaintiffs filed a brief on September 20, 1990, and the defendants filed a brief on October 22, 1990. The court, Hurley, J., held a hearing on May 17, 1991.
AGGRIEVEMENT
The parties stipulated to the facts regarding plaintiff Adams' ownership of property within 100 feet of the subject property. The court finds that Adams is statutorily aggrieved. See Connecticut General Statutes, section 8-8 (a) CT Page 6765 (rev'd to 1989). The court, Hurley, J., heard evidence at the May 17th hearing that shows the plaintiff Stanley owns land within 100 feet of the subject property. The court also finds that Stanley is also statutorily aggrieved. Id.
The PZ's decision was published in The Day on April 16, 1989. (ROR #10, p. 3.) The plaintiffs served the PZ, Buscetto, Michael Buscetto (father) and the Montauk Realty Co. on April 28, 1989. The plaintiffs served their appeal within the requisite 15 days from publication. See Conn. Pub. Acts No. 90-286, sections 1, 3, 9 (1990).
DISCUSSION
The plaintiffs argue that the court should sustain their appeal because:
(1) section 750 of the New London zoning regulations, the regulation under which the special use permit was granted, is unauthorized by the zoning enabling act (Connecticut General Statutes, section 8-2);
(2) if the regulation is valid, the special permit was granted illegally as an expansion of a nonconforming use; and
(3) the PZ's decision is invalid because one of its members is a personal friend of the applicant and, therefore, his participation violates Connecticut General Statutes, section 8-11.
The defendants argue:
(1) the plaintiffs are too late to attack the validity of section 750;
(2) The regulation is valid;
(3) the PZ property granted the amendment to the special use permit; and
(4) the decision is valid because PZ member Roy had no conflict of interest.
The court will consider the conflict of interest argument first because it can be dispositive of this appeal.
In opposition to the appeal, the defendants argue that the plaintiffs did not raise the conflict of interest issue at the hearing, and cite cases that hold the issue waived if not raised below. The plaintiffs did not raise the conflict issue CT Page 6766 at the hearing.
In Fletcher v. Planning Zoning Commission, 158 Conn. 497, (1969), the plaintiff's counsel knew the facts surrounding the potential conflict, raised the issue at the hearing, but did not challenge or protest the participation by the potentially interested members. The supreme court reversed the trial court and said the commission's decision should not be disturbed, especially because the trial court found no actual conflict. "Counsel chose to allow them to decide the application which was before them and to take the chance that the decision would be favorable to the plaintiff." Fletcher, 158 Conn. at 508. See also Lurie v. Planning Zoning Commission, 160 Conn. 295, 311
(1971).
The defendants do not argue that the plaintiffs knew at the time of the hearing about the relationship between Roy and Buscetto. The court in Fletcher placed great significance upon the plaintiff's knowledge and his counsel's knowledge of the facts at the time of the hearing. Fletcher, 158 Conn. at 507. Absent proof of the plaintiff's knowledge, the court should not consider the conflict issue waived for failure to raise it at the hearing.
The conflict of interest statute, section 8-11 of the General Statutes provides, in relevant part:
 No member of any zoning commission or board. . .shall participate in the hearing or decision of the board of commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense.
Under section 8-11,
 (a) personal interest is either an interest in the subject matter or a relationship with the parties before the zoning authority impairing the unpartiality expected to characterize each member of the zoning authority. A personal interest can take the form of favoritism toward one party or hostility toward the opposing party; it is a personal bias or prejudice which imperils the open-mindedness and sense of fairness which a zoning official in our state is required to possess.
Anderson v. Zoning Commission, 157 Conn. 285, 290-91 (1968).
"The test is not whether personal interest does, in fact, conflict, but whether it reasonably might conflict." Thorne v. Zoning Commission, 178 Conn. 198, 205 (1979). CT Page 6767
"The decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one and depends on the circumstances of the particular case." Anderson,157 Conn. at 291; Thorne, 178 Conn. at 205. "Local governments would, however, be seriously handicapped if any conceivable interest, no matter how remote and speculative would require the disqualification of a zoning official." Anderson,157 Conn. at 291.
The plaintiffs argue that PZ member Robert Roy should have disqualified himself from participating at the hearing and voting on the application because of his relationship with the applicants, especially Buscetto.
Roy's deposition reveals the following contacts with the applicants:
(1) Roy attended Buscetto's wedding and reception. (Depo. p. 14.) The wedding took place after the special permit was granted but before the subject amendment was granted. (Depo. pp. 23-24.)
(2) Roy rents an apartment from Montauk Realty, which is owned by the Buscetto family. (Depo. p. 20.) Additionally, he mails his rent check to Mrs. Filomena Buscetto each month. (Id.) Roy moved into the apartment in January or February of 1989 (Depo. p. 21.), about two or three months before the subject hearing.
(3) Roy and other city officials attended a reception at the Buscetto home to welcome the new police chief and the new director of Mitchell College. (Depo. p. 12.)
(4) Roy attended a grand opening at Michael's Dairy after the special permit was granted. (Depo. p. 22.)
(5) Additionally, he patronized Michael's Dairy before and after the special permit was granted. (Depo. pp. 10, 17.) Roy also patronized a service station owned by the Buscetto family. (Depo. p. 18.)
The defendants argue that New London is a small town and that the contacts between Roy and Buscetto are typical of small-town life. The defendants also point out Roy's testimony that he was one of 350 guests at Buscetto's wedding and was invited because he knew the bride.
In Thorne, the Supreme Court upheld the trial court's finding that the chairman of the Old Saybrook Zoning Commission CT Page 6768 should have disqualified himself from participating in a zone change decision that benefited his mother and sister. Thorne,178 Conn. at 200-05. The trial court in Thorne also found that the chairman, in an unrelated matter, had opposed the granting of a variance that would have allowed a radio tower near his family's properties.
 While we make it clear that there is no evidence that (the chairman) exercised any improper influence upon the commission, and we impute no such impropriety to him, we conclude that, in view of the chairman's interest in the zone change, as evidenced by the close proximity of his parents' and sister's residences to the plaintiff's property and by his interest on their behalf in maintaining the residential character of the locality, the court did not err in holding the commission's action a nullity as to the plaintiff's property. Id. at 205.
In Daly v. Town Planning Zoning Commission, 150 Conn. 495
(1963), the court held that a planning and zoning member, who had previously asked the ZBA to grant a variance, should have disqualified himself when the planning and zoning commission amended the zoning regulations in a way that permitted the use he supported earlier. Daly, at 500.
"The evil lies not in influence improperly exercised but rather in the creation of a situation tending to weaken public confidence and to undermine the sense of security of individual rights which the property owner must feel assured will always exist in the exercise of zoning power." Id.
There is no evidence in the record that Roy had an interest related to the property itself, as was present in the above two cases. However, the court could find, based on Roy's testimony, that Roy had a personal interest in the application regarding Michael's Dairy because of his relationship with the applicants.
There is no evidence that Roy's participation inured to Buscetto's advantage. However, "the test is not whether personal interest does, in fact, conflict, but whether it reasonably might conflict." Thorne, 178 Conn. at 205. Roy's interest in the matter before him was not "remote and nebulous." Anderson, 157 Conn. at 291. Roy's participation at the hearing and in the decision renders the decision granting the amendment void.
The court hereby sustains the appeal of the plaintiffs. In view of this decision there is no need to CT Page 6769 resolve the remaining issues.
HURLEY, J.