[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These two consolidated administrative appeals are from decisions of the Planning and Zoning Commission of the City of Shelton approving a subdivision known as Meadow Pond Estates on real property located on Walnut Tree Hill Road in Shelton. The appellants Wilmot and Mary Tyers are abutting property owners. Defendant Shelton Savings Bank and Duane Howell d/b/a Walnut Estates Associates are partners in Meadow Pond Estates and owners CT Page 10323 of the subject property.
On February 13, 1991, the partnership applied for approval of a 17 lot subdivision on said property. Record I-a. Since the proposed subdivision involves regulated activities associated with wetlands, an application also was filed with the Shelton Inland Wetlands Commission on February 26, 1991. The subdivision plan and map were revised in May 1991 to include 19 lots. On May 9, 1991, the Shelton Inland Wetlands Commission issued an Inland Wetlands Permit covering the 19 lot subdivision. Record I-d, i and j. On June 4, 1991, the Planning and Zoning Commission voted 3 yes, 1 abstention, 2 absent to approve the subdivision on certain conditions. Record I-1.
On June 21, 1991, the appellants filed an appeal of the June 4, 1991 subdivision approval (#36281) claiming, among other reasons, that the subdivision approval was improper because a member of the Planning and Zoning Commission, Commissioner Pagliaro, who was also an officer of the defendant bank, participated in the review process. Commissioner Pagliaro seconded the motion to approve the application but then abstained from voting on the motion.
In the meantime, the applicants returned to the Inland Wetlands Commission and obtained approval of the revisions to their proposal on June 13, 1991. An amended Inland Wetlands Permit was issued on July 19, 1991. Record II-c.
On August 7, 1991, applicants filed a new application for subdivision approval for 19 lots based upon the revised plan. Record II-a. This second application was approved by the Planning and Zoning Commission on September 24, 1991. Record II-e. Appellants then filed an appeal from that decision (#37412).
As to both appeals, the court finds that the appellants are aggrieved and have statutory standing to appeal because they own property known as 251 Walnut Tree Hill Road in Shelton which abuts the subject property. Connecticut General Statutes 8-28 and 8-8; Smith v. Planning and Zoning Board, 203 Conn. 317, 321 (1987); Plaintiff's Exhibit A.
With respect to the first appeal (#36281), the court agrees with appellant that Commissioner Pagliaro should not have taken any action on the proposal where he was a member of the Board of Directors of one of the applicants. Connecticut General Statutes CT Page 103248-21 specifically provides that "No member of any planning commission shall participate in the hearing or decision of the commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense."
"A personal interest has been defined as an interest in either the subject matter or a relationship with the parties before the zoning authority impairing the impartiality expected to characterize each member of the zoning authority. A personal interest can take the form of favoritism toward one party or hostility toward the opposing party; it is a personal bias or prejudice which imperils the open-mindedness and sense of fairness which a zoning official in our state is required to possess. . . The test is not whether personal interest does, in fact, conflict, but whether it reasonably might conflict," Thorne v. Zoning Commission, 178 Conn. 198, 204-205 (1979) (Citations omitted).
Membership on the board of directors of an applicant is clearly a personal interest under this definition. Although Commissioner Pagliaro correctly abstained from voting, the statute prohibits participation that creates an appearance of unfairness or absence of impartiality. Seconding the motion to approve is participation in the decision in violation of the statute.
In the second appeal, the court agrees with the applicants that the failure to give notice of the application to the Bridgeport Hydraulic Company under Connecticut General Statutes 8-3(i) is not a jurisdictional defect in the proceedings. Connecticut General Statutes 8-3(i) requires an applicant to give notice of any project on any site within the watershed of a water company, provided the water company has filed a map of its watershed with the Town Clerk and the zoning authorities.
Here, a map showing the watershed boundaries was filed with the Town Clerk, but it does appear of record whether or not the same map was on file with the planning commission or whether proper notice was given.
In any event, under Lauer v. Zoning Commission, 220 Conn. 455,465 (1991), any lack of notice to the water company is an issue personal to the water company, and defective notice to the water company can not be raised by a third party, such as appellants.
CT Page 10325 Lastly, appellants argue that the second approval was invalid because the second application was not resubmitted to the inland wetlands agency and because the Planning Commission acted without the inland wetland commission's "final report", as required by Connecticut General Statutes 8-26.
A review of the record does not support appellants' argument. It is obvious that the applicants continued to work with the proper authorities to meet their concerns and contingencies. The original wetlands permit issued May 24, 1991 specifically refers to the application modified to April 25, 1991 and covered the 19 lot subdivision. Record I-i. The further revisions of May 31, 1991 were also presented to the Inland Wetland Commission and approved and a revised permit was issued in July 1991. Record II-c. The City Engineer issued his approval of the final plans on August 14, 1991. Record II-d. The court finds that the requirements of Connecticut General Statutes 8-26 for submission to and approval by the Inland Wetlands Commission were satisfied when the Planning Commission voted to approve the subdivision on September 4, 1991. The appellant has failed to sustain its burden of proving any defect in the September 4, 1991 decision.
Accordingly, the appeal in CV91 36281 is sustained and the appeal in CV91 37412 is dismissed.
SEQUINO, J.