[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by Olympic Village (Olympic) from a decision of the Barkhamsted Planning and Zoning Commission (Commission) denying Olympic's request for a special exception to conduct business activities on its premises year round in a residential zone.
After a hearing the court finds Olympic to be aggrieved and to have standing to appeal. See Section 8-8 of the General Statutes.
The court also finds that Susan Roman, the wife of Joseph Fortunato, Chairman of the Commission, signed a petition, submitted to the Commission, opposing the Olympic petition for a special exception and appeared at the CT Page 661 public hearing questioning Olympic's representative concerning aspects of the application. She also stated to the Commission that the special exception was not within the zoning regulations and that a substantially similar application had just a little while ago been turned down.
Ms. Roman is a practicing attorney and was formerly associated with BRACE, a citizens organization concerned with protecting the environment and the residential character of Barkhamsted. She denied discussing the application with her husband privately, stating he was aware of her views concerning the environment. She testified that an illegal extension of a non-conforming use adversely affected every resident's quality of life in Barkhamsted and that as a citizen of Barkhamsted she had a right to speak her mind. Her husband, although requested to disqualify himself, did not do so and voted with the Commission to deny the Olympic's request.
At conflict here are the wife's right to so speak out with her husband sitting upon a commission regulating a property owner's use of his property and the property owner's right to feel he had a fair hearing before that commission.
Mr. Fortunato's participation is susceptible of creating an impression of unfairness, even if unfairness did not exist, and this court is required to set aside the decision of the Commission. Anything which tends to weaken public confidence and to undermine the sense of security of individual rights which the property owner must feel assured will always exist is against public policy. Given the relationship between an opponent and the Commission chairman, Mr. Fortunato should not have participated in the decision. Anderson v. Zoning Commission, 157 Conn. 285, 290 (1968). Low v. Madison, 135 Conn. 1 (1948). Public policy requires that members of public boards cannot be permitted to place themselves in a position in which personal interest may conflict with public duty Thorne v. Zoning Commission, 178 Conn. 198, 204, note 2 (1979).
The interest to be conflicting need not be financial but may be personal. In Lake Garda Improvement Association v. Town Plan and Zoning Commission, 151 Conn. 476, 480 (1964), the participating board member's continued opposition to those contesting the application and his ties to the applicant resulted in his disqualification. As was stated in Anderson v. Zoning Commission, supra, at page 290, a personal interest may be a relationship with the parties before the zoning authority impairing the impartiality expected to characterize each member of the zoning authority.
Accordingly, the appeal is sustained. CT Page 662
McDONALD, J.