## R AND R POOL AND PATIO, INC., ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF RIDGEFIELD
## (AC 24111)

Schaller, McLachlan and Peters, Js.

1

2

Argued February 23—officially released May 18, 2004

*Patricia C. Sullivan*, with whom was *Barbara M. Schellenberg*, for the appellant (defendant).

*Robert A. Fuller*, with whom was *Raymond F. Ross*, for the appellees (plaintiffs).

*Opinion*

SCHALLER, J. The defendant, the zoning board of appeals of the town of Ridgefield (board), appeals from the judgment of the trial court reversing the board's decision and directing it to grant the plaintiffs'[1] application for site plan approval for outdoor display and storage on their property. This is the third action involving the parties that has come before this court on issues related to the plaintiffs' use of their property. In this appeal, the board claims that the court's order directing it to grant the plaintiffs' site plan application is inconsistent with (1) the decision of our Supreme Court in *R & R Pool & Patio, Inc.* v. *Zoning Board of Appeals*, 257

---

[1] The plaintiffs are R and R Pool and Patio, Inc., Mitchell Ross, David Ross and Philip Ross.

Conn. 456, 778 A.2d 61 (2001), and (2) the court's own findings.[2] We reverse a portion of the judgment of the trial court and remand the case to that court with direction to remand it to the board for further proceedings consistent with this opinion.

The following facts and procedural history are relevant to our disposition of the board's appeal. In July, 1990, the board granted Richard Amatulli, a tenant of the property at that time, a variance that permitted him to conduct "wholesale and retail sales . . . from the [property], unrestricted as to type of customer or hours of operation, but restricted as to the products to be sold. Such wholesale and retail sales shall be limited to oriental rugs, fine furniture and art." (Internal quotation marks omitted.) Id., 458. In 1993, the then owners of the property filed an application on behalf of a new tenant, the present corporate plaintiff, R and R Pool and Patio, Inc., to operate a warehouse and an office on the property and to conduct retail sales of "fine outdoor furniture." The Ridgefield town planning director denied the application, and the board sustained the denial. The board based its decision on the determination that the furniture that the plaintiffs proposed to sell was not the type of merchandise for which the variance had been granted to Amatulli. The owners and the plaintiffs appealed to the Superior Court. The court dismissed the appeal on the ground that the plaintiffs lacked standing, and the owners and the plaintiffs then appealed to this court.[3] We reversed the trial court's judgment in part and remanded the case to that court for a decision on the merits. *R & R Pool & Home, Inc.* v. *Zoning Board of Appeals*, 43 Conn. App. 563, 684 A.2d 1207 (1996). In 1998, the trial court sustained the

---

[2] We need not address the board's second claim because the first claim is dispositive of the appeal.

[3] Before the appeal was heard, the owners conveyed ownership of the property to the plaintiffs.

plaintiffs' appeal on the ground that the record was devoid of evidence "to support the board's conclusion that the plaintiffs' furniture is not the 'fine furniture' contemplated by the [Amatulli] variance." *R & R Pool & Patio, Inc.* v. *Zoning Board of Appeals*, Superior Court, judicial district of Danbury, Docket No. CV 94-316152 (October 26, 1998). The board did not appeal from that decision.

In July, 1995, while their appeal on their first site plan application was pending in the trial court, the plaintiffs filed a second site plan application, this time for the sale of oriental rugs, fine furniture and art. During the course of the application process, the plaintiffs assured the planning director that they would limit their retail furniture sales to goods that would comply with the Amatulli variance and that they would not sell plastic or mass produced furniture. The first site plan appeal was still pending when, in August, 1995, the planning director approved the plaintiffs' second site plan application. The site plan approval was subject to the condition that "the limited retail sales will be exactly as permitted and described in the grant of [the Amatulli variance] and further defined in [the board's memorandum of decision denying the first application for site plan approval]." (Internal quotation marks omitted.) *R & R Pool & Patio, Inc.* v. *Zoning Board of Appeals*, supra, 257 Conn. 462.

Four months later, and three months after the plaintiffs began selling furniture on the property, the Ridgefield zoning enforcement officer issued a cease and desist order on the ground that the plaintiffs' sales were not permitted under the Amatulli variance and violated the conditions of their site plan approval. The plaintiffs appealed to the board, and the board sustained the zoning enforcement officer's order. In so doing, the board determined that the plaintiffs were in violation of the zoning variance that applied to their property because they "applied for [s]ite [p]lan [a]pproval for one

use . . . and after receiving it . . . put the property to another use." (Internal quotation marks omitted.) Id. Specifically, the board noted that the plaintiffs' site plan application "had been approved for the sale of oriental rugs, fine furniture and art . . . [and] concluded that [t]he outdoor furniture . . . offered for sale at [the plaintiffs' property] does not meet the aforementioned criteria." (Internal quotation marks omitted.) Id., 462–63.

The plaintiffs appealed to the Superior Court claiming, inter alia, that the term "fine furniture" was vague and that their rights to due process were violated because they were not told what items of furniture that term did not include. The court heard that appeal at the same time that it heard, on remand, the plaintiffs' appeal from the denial of their first site plan application. In addition to sustaining the plaintiffs' appeal in the first site plan case, as previously detailed, the court dismissed their appeal from the board's decision to sustain the cease and desist order related to the second site plan. In the latter case, the court decided that "the board's reason for sustaining the order . . . was reasonably supported by the record." Id., 463. The plaintiffs appealed from that decision.

We reversed the court's judgment on the basis of the doctrine of collateral estoppel. After the granting of certification, the board appealed to the Supreme Court on the ground that collateral estoppel did not apply because in the trial court's decision in the first site plan case, the court did not determine the definition of the term "fine furniture" as used in the Amatulli variance. Our Supreme Court agreed with the board's argument, stating that "the meaning of fine furniture as used in the Amatulli variance was neither litigated by the parties nor decided by the trial court in the site plan case. Therefore, the trial court did not render final judgment on an issue that would preclude the board, under the

doctrine of collateral estoppel, from ensuring in the cease and desist case that the plaintiffs' actual use complied with its site plan application to sell fine furniture." Id., 475. Accordingly, the Supreme Court reversed the judgment and remanded the case to this court with direction to affirm the judgment of the trial court. Id., 481.

The present case involves, inter alia, a different aspect of the Amatulli variance, specifically, whether it allows the plaintiffs to use the exterior of the property for outdoor displays and storage.[4] On December 23, 1998, the plaintiffs filed a third application for site plan approval for specific areas of outdoor displays in which they intended to display a different line of products for sale, i.e., "[f]urniture and furnishings, including the customary related accessories such as cushions, umbrellas, and tableware related to furniture in stock. . . . Spas, hot tubs and pool accessories. . . . Billiard and gaming tables and accessories. . . . Fireplace equipment and grills. . . . Works of art. . . . Christmas and seasonal holiday products." The planning director denied the application on February 17, 1999. The plaintiffs appealed and, on July 19, 1999, the board upheld the planning director's decision. The plaintiffs appealed to the Superior Court on numerous grounds. On August 9, 2002, the court sustained the appeal on the ground that there was no substantial evidence indi-

---

[4] In *R & R Pool & Patio, Inc.* v. *Zoning Board of Appeals*, supra, Superior Court, Docket No. 316152, the court noted that while the plaintiffs' first site plan application was pending before the planning director, the planning director inquired whether they intended to have any outdoor displays or storage on the premises. The plaintiffs responded that "[t]hey would do whatever the law permitted them to do." (Internal quotation marks omitted.) Id. The court stated that "[t]he record indicates that this . . . response was met with a great deal of hostility by the board, as the board felt that the plaintiffs were not being completely forthright in their responses. Yet, despite the tension created by the plaintiffs' response at the hearings, the planning director did not use this response as a reason for the denial of the owners' site plan application."

cating that the variance did not include outdoor displays, and because the plaintiffs' proposed use of the property did not constitute a change from Amatulli's use and, thus, they were not required to file a new site plan application. The court reversed the board's decision and directed the board to sustain the plaintiffs' application. On March 19, 2003, we granted the board's petition for certification to appeal, and this appeal followed.[5]

The trial court's scope of review is limited to determining only whether the board's actions were unreasonable, arbitrary or illegal. See *Francini* v. *Zoning Board of Appeals*, 228 Conn. 785, 791, 639 A.2d 519 (1994). "Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the [board] was required to apply under the zoning regulations. . . . It is well settled that a court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Citation omitted; internal quotation marks omitted.) *R & R Pool & Patio, Inc.* v. *Zoning Board of Appeals*, supra, 257 Conn. 470.

The board claims that the court's order directing it to grant the plaintiffs' site plan application is inconsistent with the decision of our Supreme Court in *R & R Pool & Patio, Inc.* v. *Zoning Board of Appeals*, supra, 257 Conn. 456. Specifically, the board argues that the court's decision ordering it to grant the plaintiffs' application tacitly approved the sale of specific items that were not permitted under the terms of the Amatulli variance.

---

[5] On appeal, as we will explain, the board challenges the court's decision only with regard to the items that may be sold. It does not challenge the judgment in any other respect.

The Supreme Court affirmed the judgment of the trial court in the cease and desist case. Id. The trial court's decision specifically "noted the assurances made by the [plaintiffs] during the application process that there would be no plastic furniture, no mass produced assembly line type of furniture, and no athletic equipment such as swingsets sold on the property." (Internal quotation marks omitted.) Id., 463–64. The trial court's judgment upheld the decision of the board, which was predicated on the fact that the plaintiffs' property had a variance only "for the sale of oriental rugs, fine furniture and art . . . ." (Internal quotation marks omitted.) Id., 462. Accordingly, it is now settled that the plaintiffs' property is limited by the original variance.

Although the Supreme Court did not determine specifically what constitutes fine furniture, the decision does specifically refer to items that are prohibited under the variance, which are the items listed in the plaintiffs' letter to the planning director in the cease and desist case. Id., 478. The plaintiffs' most recent site plan application contains numerous items that would fall into the category of sale items prohibited by the Supreme Court's judgment. By directing the board to grant the plaintiffs' application, the court's reversal of the board's decision prohibiting outdoor displays had the effect of tacitly approving the sale of specific items that were not permitted under the terms of the variance. Thus, the court's unqualified order directing the board to grant the plaintiffs' site plan application is not consistent with the Supreme Court's ruling and, accordingly, is overbroad.

"When, on a zoning appeal, it appears that as a matter of law there was but a single conclusion which the zoning authority could reasonably reach, the court may direct the administrative agency to do or to refrain from doing what the conclusion legally requires. . . . In the absence of such circumstances, however, the court

upon concluding that the action taken by the administrative agency was illegal, arbitrary or in abuse of its discretion should go no further than to sustain the appeal taken from its action. For the court to go further and direct what action should be taken by the zoning authority would be an impermissible judicial usurpation of the administrative functions of the authority." (Citations omitted; internal quotation marks omitted.) *Thorne* v. *Zoning Commission*, 178 Conn. 198, 206, 423 A.2d 861 (1979). In the present case, once the court reversed the board's decision to deny the plaintiffs' application, there was not, as a matter of law, a single conclusion that the board reasonably could reach as to the plaintiffs' application. Numerous sale items are incorporated in the plaintiffs' most recent site plan application. The board has discretion to determine the specific items that are permitted by the Amatulli variance. Thus, once the court decided to reverse the board's decision, it should have gone no further than to sustain the plaintiffs' appeal. The court's overbroad order directing the board to grant the plaintiffs' application deprived the board of its discretionary authority. "To hold otherwise would amount to the sanction of an improper judicial encroachment upon the administrative function of the zoning commission." Id. We conclude that the court improperly directed the board to grant the plaintiffs' application.

The judgment is reversed only as to the trial court's order directing the board to grant the plaintiffs' application for site plan approval and the case is remanded to that court with direction to remand the case to the board for further proceedings on the issue of whether the sale of the specific items listed in the application is permitted under the Amatulli variance.

In this opinion the other judges concurred.