[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following facts are alleged in the amended appeal. The plaintiffs, Armando and Angelina Fruscianti, are the owners of the premises located at 34 Post Avenue, Westbrook, Connecticut (the "subject premises"). On March 13, 1990, the defendant Westbrook Zoning Board of Appeals (the "Board") unanimously granted the application (Application #9007) of the plaintiffs for a variance of the front-yard and side-yard setback requirements contained in the Westbrook Zoning Regulations to allow the plaintiffs to construct dormers on the second story and expand the attic of the subject premises. At the hearing before this court, the plaintiffs characterized the variance as allowing two small dormers on the northerly side of the subject premises and one larger dormer on the southerly side of the subject premises.
On March 25, 1990, the Building Department of the Town of Westbrook issued a building permit to the plaintiffs. Said building permit was issued in accordance with revised plans submitted by the plaintiffs to and approved by the building department. The building permit calls for a thirty-seven foot dormer on both the northerly and southerly sides of the subject premises. The plaintiffs proceeded to reconstruct and renovate the second story of the subject premises according to the terms of the building permit. The renovation project is approximately 60% complete. At the hearing before this court, the plaintiffs stated that the dormers now under construction are forty-two feet in length.
On July 17, 1980, a Zoning Enforcement Officer of the Town of Westbrook issued a cease and desist order (the "order") which states that the "second story addition constructed does not conform to the plans approved by the CT Page 3294 Zoning Board of Appeals." As a result of this order, the plaintiffs have discontinued renovation work on the subject premises.
On August 22, 1990, the Board voted four to one to deny the plaintiffs' application (Application #9037) for a further variance of the front-yard and side-yard setback requirements contained in the Westbrook Zoning Regulations to permit the plaintiffs to complete the construction of the dormers.
On December 17, 1990, the Board voted three to two to deny a renewed application (Application #9042) by the plaintiffs for a further variance of the front-yard and side-yard setback requirements contained in the Westbrook Zoning Regulations to permit the plaintiffs to complete the construction of the dormers. The reasons for the denial are that "[t]he members [of the Board] felt that this application went far beyond the scope of the previous dormer variance," that [t]he members [of the Board] felt that sufficient hardship to warrant this larger addition had not been proven and that "[t]he members [of the Board] also felt that any hardship has been self created." The plaintiffs now appeal the Board's denial of Application #9042.
The plaintiffs allege that they are aggrieved by the decision of the Board because they were at all relevant times and continue to be the owners of the subject premises.
The plaintiffs allege that the Board acted illegally, arbitrarily and in abuse of its discretion in that the Board failed to find hardship, and in that the Board's conclusion that Application #9042 went far beyond the scope of the previous dormer variance is not supported by the facts, and in that the Board's finding that any hardship had been self created is not supported by the facts, and in that a member of the Board, Stephen A. Doerrer ("Doerrer"), should have disqualified himself pursuant to General Statutes Sec. 8-11 because his father-in-law owned property within one hundred feet of the subject premises and because Doerrer's father-in-law had on occasions prior to the public hearing on the Application #9042 expressed concern or opposition to Doerrer with regard to the plaintiff's renovation work, and in that the Board violated General Statutes Sec. 8-7 in that the Notice of Decision was not mailed by the Board within fifteen days after being rendered.
The plaintiffs further allege that the reconstruction and renovation work was performed on a reasonable reliance upon the validity of the building permit and CT Page 3295 that, under all the circumstances, the Town of Westbrook should be estopped from claiming that the building permit and the reconstruction and renovation work is in violation of the Westbrook Zoning Regulations and that the plaintiffs should be allowed to complete the reconstruction and renovation work in accordance with the terms of the building permit.
The Board has denied that it acted illegally, arbitrarily or in abuse of its discretion in denying Application #9042 and that the Town of Westbrook should be estopped from claiming that the building permit and the reconstruction and renovation work is in violation of the Westbrook Zoning Regulations.
I. Aggrievement
General Statutes Sec. 8-8 (b) provides that "any person aggrieved by any decision of a [zoning board of appeals] may take an appeal to the superior court . . . ." General Statutes Sec. 8-8 (a)(1) provides that an aggrieved person, for purposes of General Statutes Sec, 8-8 (b), "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
The plaintiffs supplied, at oral argument, a certified copy of their deed to the subject premises. Furthermore, the Board, in its answer, admitted that the plaintiffs are the owners of the subject premises. Accordingly, it is found that the plaintiffs are aggrieved.
II. Timeliness
General Statutes Sec. 8-8 (b) requires that an appeal of a decision of a zoning board of appeals "shall be commenced by service of process [on the chairman or clerk of the zoning board of appeals and the clerk of the municipality] within fifteen days from the date that notice of the decision was published. . . ." See General Statutes Sections8-8 (a)(2), 8-8 (e) and 8-8 (f). Although the plaintiffs have failed to supply any evidence regarding the date of publication, the decision itself is dated December 17, 1990. The sheriff's return indicates that the appeal was served on John Hall, III, the chairman of the Board, and on Johanna Schneider, the Town Clerk of Westbrook, on December 21, 1990. Since the notice of the decision could not have been published before December 17, 1990, it is further found that the appeal is timely.
III. Illegal Interest of Stephen A. Doerrer CT Page 3296
 The conflict of interest statute, Section 8-11 of the General Statutes provides, in relevant part: "No member of any zoning commission or board [and no member of any zoning board of appeals] shall participate in the hearing or decision of the board or commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense." Under Section 8-11, "[a] personal interest is either an interest in the subject matter or a relationship with the parties before the zoning authority impairing the impartiality expected to characterize each member of the zoning authority. A personal interest can take the form of favoritism toward one party or hostility toward the opposing party; it is a personal bias or prejudice which imperils the open-mindedness and sense of fairness which a zoning official in our state is required to possess." Anderson v. Zoning Commission, 157 Conn. 285, 290-91 [, 253 A.2d 16] (1968). "The test is not whether personal interest does, in fact, conflict, but whether it reasonably might conflict." Thorne v. Zoning Commission, 178 Conn. 198, 205 [, 423 A.2d 861] (1979).
 The decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one and depends on the circumstances of the particular case." Anderson [v. Zoning Commission, supra, 291; Thorne [v. Zoning Commission, supra, 205.] "Local government would, however, be seriously handicapped if any conceivable interest, no matter how remote and speculative, would require the disqualification of a zoning officer." Anderson [v. Zoning Commission, supra,] 291.
. . . . CT Page 3297
 "The evil lies not in influence improperly exercised but rather in the creation of a situation tending to weaken the public confidence and to undermine the sense of security of individual rights which the property owner must feel assured will always exist in the exercise of zoning power." [Daly v. Town Planning Zoning Commission, 150 Conn. 495, 500, 191 A.2d 250 (1963)].
Stanley v. Planning Zoning Commission,4 Conn. L. Rptr. 639, 641 (August 29, 1991, Hurley, J.); see also Murach v. Planning Zoning Commission, 196 Conn. 192, 202,491 A.2d 1058 (1985).
 "This prophylactic rule serves the salutary purposes of promoting public confidence in the fairness of the decision-making process and preventing the public official from placing himself in a position where he might be tempted to breach the public trust bestowed upon him. See Thorne v. Zoning Commission, [supra,] 203-05." Gaynor-Stafford Industries, Inc. v. Water Pollution Control Authority, 192 Conn. 638, 649-50, 474 A.2d 752 (1984).
Petrowski v. Norwich Free Academy, 199 Conn. 231, 241,506 A.2d 139 (1986).
When a member of a local zoning authority has a disqualifying interest, any action of the zoning authority taken while the member participates as a member is a nullity. Thorne v. Zoning Commission, supra, 205; Stanley v. Planning Zoning Commission, supra, 641-42 (action of commission void where member had a personal relationship with the applicants); Sunny Wood Convalescent Home, Inc. v. Zoning Board of Appeals, 4 Conn. L. Rptr. 637, 639 (August 28, 1991, Walsh, J.) (action of board null and void where member, who had disqualified himself due to a personal or financial interest, spoke against the application); East Street Residential Partnership v. Planning and Zoning Commission, 1 Conn. L. Rptr. 653, 655 (May 22, 1990, Smith, J.) (appeal sustained where commission member had a disqualifying interest despite fact that member's vote was not decisive); cf. Petrowski v. Norwich Free Academy, supra, 241 CT Page 3298 (failure of member of board of education to disqualify himself renders action of board a nullity); cf. Murach v. Planning Zoning Commission, supra, 202-06 (vote of member discounted where member is disqualified from participating as a member for reason other than possessing a personal or financial interest); cf. Massimo v. Planning Commission,41 Conn. Sup. 196, 197-200, 564 A.2d 1075 (Flynn, J. 1989) (action of commission not invalidated where an alternate member of zoning commission who owns property across the street from the subject premises speaks against an application before the planning commission).
The plaintiff alleges that Doerrer should have disqualified himself because Doerrer's father-in-law owned property within one hundred feet of the subject premises. The plaintiffs argue that the facts of this case are virtually indistinguishable from those of Thorne v. Zoning Commission, supra, 205, wherein the court held that the commission's action was a nullity because the residences of the parents and a sister of the chairman of the commission were in close proximity to the subject property and because the chairman participated in the hearing and decision of the commission.
The Board argues that Doerrer's father-in-law does not own property in the vicinity of the subject premises. The Board further argues that this case is distinguishable from Thorne because Doerrer disclosed that his father-in-law resided across the street from the subject premises and the plaintiffs made no request to have Doerrer disqualify himself from sitting on the Board and voting on the plaintiffs' application.
The record indicates that Doerrer disclosed at the public hearing that his father-in-law lived "right across the street" from the subject premises. (Return of Record ("ROR"), item 6, transcript of public hearing, November 28, 1990, p. 14.) Although the relationship between Doerrer and his father-in-law is not as close as the relationship between the chairman and the chairman's parents and sister in Thorne and despite the fact that Doerrer's father-in-law merely lived in the property across the street from the subject premises rather than owning it, it is found that Doerrer's personal interest in the subject premises was not remote and speculative and, in fact, constitutes "a situation tending to weaken the public confidence and to undermine the sense of security of individual rights which the property owner must feel assured will always exist in the exercise of zoning power." Stanley v. Planning Zoning Commission, supra, 641, quoting Daly v. Town Planning CT Page 3299 Zoning Commission, supra, 500. Moreover, the record indicates that Doerrer actively participated in the hearing and voted to deny the application. (ROR, item 4, minutes of the public hearing, November 28, 1990; item 5, minutes of regular meeting, November 28, 1990, item 6, transcript of public hearing, November 28, 1990, pp. 1-4, 6-7, 9, 11-15). Accordingly, it is further found that the Board violated General Statutes Sec. 8-11.
Furthermore, a claim that a member of a zoning authority has a disqualifying interest may be raised for the first time on appeal to the Superior Court. East Street Residential Partnership v. Planning and Zoning Commission, supra, 654-55. Therefore, it is found that the Board's denial of the plaintiffs' application is a nullity.
It is concluded that the appeal should be and it is hereby sustained and remanded to the Board with the instruction that the Board use available alternate members to minimize any tainting of the hearing process which may have occurred by the participation of a member with a forbidden interest and, for the sake of judicial and administrative economy, any and all legal claims ought to be heard and adjudicated in the rehearing process or processes. It is further suggested that, although dicta herein, this court recognizes that concepts of estoppel may well occupy a position of prominence in the galaxy of rights to be adjudicated. Charton v. Zoning Board of Appeals,2 Conn. L. Rptr. 626, 628 (September 7, 1990, Arena, J.).
It is so ordered.
HIGGINS, JUDGE