MAX F. BRUNSWICK ET AL. *v.* INLAND WETLANDS COMMISSION OF THE TOWN OF BETHANY ET AL.
(8983)

O'CONNELL, FOTI and LANDAU, Js.

Submitted on briefs October 6—decision released December 8, 1992

*Max F. Brunswick* filed a brief for the appellants (plaintiffs).

*Gerald P. Dwyer* filed a brief for the appellees (named defendant et al.).

*Mark L. Goodman* filed a brief for the appellee (defendant DJM Development Corporation).

O'CONNELL, J. This case is now before us on remand from the Supreme Court. We previously considered the matter in *Brunswick* v. *Inland Wetlands Commission,* 25 Conn. App. 543, 596 A.2d 463 (1991), in which we dismissed the appeal because the plaintiff-attorney had signed his own writ. Consequently, we did not reach the merits of the plaintiffs' claims. The Supreme Court granted certification, reversed our decision and remanded the case to this court for consideration of the merits of the plaintiffs' appellate claims. *Brunswick* v. *Inland Wetlands Commission,* 222 Conn. 541, 610 A.2d 1260 (1992).

The case involves an appeal to the trial court by abutting property owners[1] from the decision of the Bethany inland wetlands commission (commission) granting the application of DJM Corporation (DJM)[2] for a wetlands

---

[1] The original plaintiffs were Max F. Brunswick, Linda Brunswick, James D. Kelly, Helen Kelly, Robert J. Downs, Jean Downs, George Reynolds, Eldona Reynolds, Edward Coppola and Jacqueline Coppola. Max Brunswick withdrew as a plaintiff prior to the trial court hearing and his connection with the case thereafter was solely as attorney for the remaining plaintiffs.

[2] The defendants are the Bethany inland wetlands commission, the Bethany town clerk, the Connecticut commissioner of environmental protection, and DJM Development Corporation. The commissioner of environ-

permit and subdivision approval. After a hearing on the merits, the trial court dismissed the appeal and the plaintiffs appealed to this court.

The plaintiffs claim that the trial court improperly failed to find (1) that there was an appearance of a conflict of interest, (2) that a commission member was disqualified from voting on the application, (3) that the commission's decision was not timely, (4) that the commission chairman was prejudiced and denied the plaintiffs a fair hearing, (5) that the commission's jurisdiction was defective, and (6) that the commission improperly considered technical issues. We reverse the decision of the trial court.

The commission granted DJM's application for approval of a fourteen lot subdivision. The original ten plaintiffs, all of whom owned property abutting the land in question, appealed from the commission's decision, claiming that the commission had acted illegally, arbitrarily and in abuse of its discretion in several respects. The trial court conducted an evidentiary hearing to determine whether one of the commissioners had an interest in the outcome of the decision. The trial court found that there was no conflict of interest with respect to the commissioner in question, nor was there an appearance of a conflict of interest, and also rejected all of the plaintiffs' other claims.

I

The plaintiffs first claim that commissioner Wayne J. Crotta appeared to have a proprietary interest in the approval of DJM's subdivision application and consequently should have been disqualified from voting on the application. The review of administrative agency proceedings is normally limited to the record and no

mental protection did not appear before the Superior Court to contest the plaintiffs' administrative appeal, nor has he filed an appearance in the present appeal.

evidence is taken by the trial court. *Ierardi* v. *Commission on Human Rights & Opportunities,* 15 Conn. App. 569, 584, 546 A.2d 870, cert. denied, 209 Conn. 813, 550 A.2d 1082 (1988). There is, however, an exception to this limitation in the case of an allegation of an illegality not apparent on the record. Id., 584–85. In that situation, the trial court may, in its discretion, permit additional evidence to be presented. *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 69–70, 157 A.2d 103 (1959). A claim of conflict of interest is a common ground for conducting such an evidentiary inquiry. See, e.g., *Cioffoletti* v. *Planning & Zoning Commission,* 209 Conn. 544, 554, 552 A.2d 796 (1989).

The evidentiary hearing established that Crotta was in the construction business and that his construction company had built roads in two subdivisions in Bethany. Crotta, as a member of the commission, had voted for approval of both subdivisions. The first subdivision involved the application of the HEB Corporation. Crotta made the motion to approve the application and subsequently was given the contract to build the subdivision's roads. Crotta testified that at the date of his testimony there was a $251,000 balance due on the HEB job and, further, that when he voted to approve the HEB subdivision, the possibility that he might get the contract to build its roads was in his mind. The second occurrence involved the Sabrina Corporation's application for subdivision approval. Crotta knew that there was a possibility that he might get the contract to build this subdivision's roads, but, nevertheless, voted to approve the application. Subsequently, Crotta built the roads for $172,000.

Crotta testified that seconding the motion for approval of the subdivision and voting in favor of it, in the present case, would not preclude him from subsequently bidding to get the road building business but that at the time of voting he had not yet decided if he

would bid on the roadwork. He was asked if, in casting his affirmative vote, he reserved the right to bid on the subdivision's roadwork. This question was never answered because the trial court sustained the commission's objection to it. The plaintiffs excepted to the ruling but were not allowed to explain why they felt the question was appropriate.[3] The plaintiffs included the trial court's ruling on this question as one of their claims on appeal but failed to brief it. Claims mentioned but not adequately briefed are deemed abandoned. *State v. Rumore*, 28 Conn. App. 402, 410–11, 613 A.2d 1328 (1992).

On appeal, the plaintiffs concede that they did not demonstrate an actual conflict of interest on Crotta's part, but contend that they showed an appearance of conflict that was sufficient to warrant reversal.

The bright line rule is that decisions of zoning authorities should be overturned if they have not been reached fairly and with proper motives. *Thorne v. Zoning Commission,* 178 Conn. 198, 423 A.2d 861 (1979); *McMahon v. Board of Zoning Appeals,* 140 Conn. 433, 101 A.2d 284 (1953); *Devaney v. Board of Zoning Appeals,* 143 Conn. 322, 122 A.2d 303 (1956); *Longo v. Board of Zoning Appeals,* 143 Conn. 395, 122 A.2d 784 (1956). "Public office is a trust conferred by public authority for a public purpose. The status of each member of the commission forbids him from placing himself in a position where private interests conflict with his public duty." *Mills v. Town Plan & Zoning Commission,* 144 Conn. 493, 498, 134 A.2d 250 (1957). The law does not require proof that the interested commissioner actually acted wrongfully. The evil lies not in the wrongful act of the commissioner but "rather in the creation of a situation

---

[3] Arguments will not be had on an objection to evidence unless requested by the court; Practice Book § 288; and even then argument should precede the court's ruling.

tending to weaken public confidence and to undermine the sense of security of individual rights which the property owner must feel assured will always exist . . . ." *Daly* v. *Town Plan & Zoning Commission,* 150 Conn. 495, 500, 191 A.2d 250 (1963).

While we do not "indulge in any assumption that public officers have acted dishonorably, we have declared it to be the policy of the law to keep public officials 'so far from temptation as to insure the exercise of unselfish public interest.' " Id., 499, quoting *Low* v. *Madison,* 135 Conn. 1, 8, 60 A.2d 744 (1948). No room must be allowed for suspicion or dubiety. *Greene* v. *Town of East Haddam,* 51 Conn. 547, 559 (1884). The test is not whether the personal interest of the commissioner actually conflicted with his public duty but whether it might have conflicted. *Josephson* v. *Planning Board,* 151 Conn. 489, 495, 199 A.2d 690 (1964). It is axiomatic that "the appearance of impropriety created by a public official's participation in a matter in which he has a pecuniary or personal interest is alone sufficient to require disqualification." *Gaynor-Stafford Industries, Inc.* v. *Water Pollution Control Authority,* 192 Conn. 638, 649, 474 A.2d 752, cert. denied, 469 U.S. 932, 105 S. Ct. 328, 83 L. Ed. 2d 265 (1984).

The commission argues that since the trial court found that there was neither a conflict of interest nor the appearance of a conflict of interest, this court is powerless to overturn the finding. Because the trial court is the finder of facts and the sole judge of the credibility of witnesses, its factual findings can be overturned on appeal only if they are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220–21, 435 A.2d 24 (1980). The plaintiffs here, however, are not arguing Crotta's credibility. They do not claim that Crotta was untruthful in testifying that he did not know if he would in fact bid on the roadwork in the subdivision when he seconded the applica-

tion and voted in favor of it. Rather, they claim to have proved that in reserving the right to bid on the roadwork, Crotta created an appearance of a conflict of interest. We are, therefore, not concerned with a question of credibility of a trial court witness. We are concerned with whether the trial court reached an improper conclusion on the basis of the facts presented.

The evidence in this case shows that on two prior occasions Crotta, as a commission member, voted to approve subdivisions and subsequently obtained contracts for building the roads in those subdivisions. Each of the contracts was considerable in size, the first exceeded $250,000 and the second was $170,000. With Crotta's history of getting the road construction contracts in subdivisions that he voted to approve, it is irrelevant that at the moment he cast his vote he had not yet actually decided whether to seek the contract. The damage was done by creating such a strong appearance of a conflict of interest that the public will suffer a serious loss of confidence in the commission. Accordingly, we hold that the trial court's decision must be reversed.

## II

Even if the appearance of a conflict of interest had not required reversal, such would have been necessary under the plaintiffs' second claim, also involving Crotta. Crotta attended all commission hearings[4] except the hearing of October 17, 1988, at which DJM's engineer and five other people spoke at length, some in opposition. Connecticut law does not deprive an absent commissioner from voting if he acquaints himself sufficiently with the issues raised, the evidence presented and the arguments made during his absence so

[4] Public hearings were held on September 19, 1988, October 17, 1988, and November 21, 1988, and, in addition, a meeting for discussion and vote was held on December 19, 1988.

that he can make an informed judgment. *Dana-Robin Corporation* v. *Common Council,* 166 Conn. 207, 216–17, 348 A.2d 560 (1974).

It was the plaintiffs' burden to prove that Crotta did not sufficiently acquaint himself with the proceedings that took place during his absence. *Loh* v. *Town Plan & Zoning Commission,* 161 Conn. 32, 43, 282 A.2d 894 (1971). The plaintiffs satisfied this burden by introducing a copy of the October 17 transcript into evidence.[5] It was unintelligible, replete with blanks and question marks indicating missing material.[6] The unintelligibility of the transcript does not appear to be contested by the defendants.

Although reviewing the verbatim transcript is perhaps the best way for an absent commissioner to apprise himself of the proceedings during his absence, it is not the only way. For example, the commissioner might review a prepared summary of the evidence if one is available. See *Dana-Robin Corporation* v. *Common Council,* supra. In the present case, however, the trial court expressly relied on its finding that the minutes of the commission expressly stated that the November 21, 1988 meeting was adjourned to permit Crotta to review the tapes of the October 17 meeting. No other updating method was considered. Since these

---

[5] The transcript is undated making it difficult to determine which portion pertained to October 17. The deficiency on which the plaintiffs rely, however, is found throughout the transcript.

[6] The following is an example of the transcript:
"Were there any soil tests made—types of soil?
(Can't understand).
Relative to the boundaries of the wetlands?
The boundaries of the wetlands . . . . . . . .
And who made the determination?
??????????
When was this done, do you know?
?????????
Two years ago?
??????????"

tapes were unintelligible, reviewing them could not sufficiently acquaint Crotta with what took place during his absence. The trial court's finding that Crotta cast a proper vote because he had reviewed the tapes was without a proper basis and must be reversed.

In view of our disposition of the first two issues, we do not reach the remaining issues.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiffs' appeal.

In this opinion the other judges concurred.