[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a Cease and Desist Order issued by the zoning enforcement officer of the Town of Stonington.
Plaintiff, Kathleen F. Grillo, owns a parcel of land located at 95 Palmer Neck Road in the Town of Stonington in a single family residential zone which the plaintiff uses for her residence and for the storage of commercial vehicles in excess of three quarters of a ton. On October 8, 1991, the zoning enforcement officer of the Town of Stonington (ZEO) served a Cease and Desist Order on the plaintiff (Return, Item I/F) citing a violation of 2.1, 2.3 and 3.2.2.10.1 of the Stonington Zoning Regulations which prohibit the storage of commercial vehicles and equipment on a residentially zoned property.
Plaintiff, by Notice of Appeal dated October 22, 1991, requested the Stonington Board of Appeals (Board) to revise and overturn the Cease and Desist Order (Return, Item I/A) on the ground that the storage of commercial vehicles on the plaintiff's residential property is a legal, nonconforming use.
On January 14, 1992, the Board held a public hearing on the plaintiff's appeal (Return, Item I/E), at which time testimony was taken and interested parties heard. (Return, Item I/E and I/P). On February 11, 1992, the Board voted to uphold the Cease and Desist Order and denied the plaintiff's appeal. (Return, Item I/M).
It is from the Board's decision to deny the appeal that the plaintiff has appealed to this court.
Based upon the Record and a hearing held on March 24, 1993, where exhibits were introduced, the court finds that plaintiff, as owner of the subject property, is aggrieved. CT Page 4192
One of the grounds of the instant appeal is a claim by plaintiff that two members of the Board, who were not present at the hearing on January 14, 1992, failed to sufficiently acquaint themselves with the evidence and arguments presented at the hearing before voting to deny plaintiff's appeal.
With respect to this issue, the court notes that at the commencement of the public hearing, the Chairman of the Board indicated that no decision would be made that evening, since not enough members were present to constitute a quorum. He also indicated that absent members would listen to the tapes of the public hearing before voting on the matter.[1]
(Record, Item I/E).
Plaintiff filed Interrogatories, dated July 7, 1992, directed to the two Board members who were not present at the public hearing. Defendant's Answer to Interrogatories, dated August 3, 1992, indicates that the two absent Board members listened to the cassette tape of the January 14, 1992 hearing. Member E. Sullivan also indicated review of the application. Member M. Motherway also responded by indicating review of the paperwork.
"Connecticut law does not deprive an absent commissioner from voting if he acquaints himself sufficiently with the issues raised, the evidence presented and the arguments made during his absence so he can make an informed judgment. (Citations omitted). It was the plaintiff's burden to prove that (the commissioners) did not sufficiently acquaint (themselves) with the proceedings that took place during (their) absence. (Citation omitted)" Brunswick v. Inland Wetland Commission, 29 Conn. App. 634, 640-41 (1992).
The tape in the instant appeal is incomplete. While defendant contends the missing material is a summation by plaintiff's attorney and is, therefore, repetition of testimony already given and recorded, such conclusion is speculative.
Not only is this final portion of the hearing completely incomprehensible on the tape; that which was recorded contains inaudible portions either as to content or who was speaking. The transcript of the tape contains CT Page 4193 numerous notations of "unclear" readily verified by one listening to the tape itself.
Plaintiff has sustained her burden that the incompleteness and the poor quality of the tape did not provide a sufficient basis for absent members to sufficiently acquaint themselves with the proceedings to make an informed decision.
Accordingly, the appeal is sustained.
Schimelman, J.