[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] I. Statement of the Case
The plaintiff, Kenneth E. Wright, appeals the decision of the defendant, Mansfield Zoning Board of Appeals (board), denying Wright's application for a finding of zoning agent error. The plaintiff appeals pursuant to General Statutes § 8-8.
 II. Background and Procedural History
On June 24, 1996, Wright and two others sent a letter to the Town of Mansfield complaining about a possible zoning violation caused by the glare produced by a security lighting system installed at 920 Storrs Road. (Return of Record [ROR], Item 1, part 1.[1]) Curt Hirsch, the zoning enforcement officer (ZEO), sent a letter to the Anthonys, the residents of 920 Storrs Road, notifying them that their lighting system produced glare beyond their property lines in violation of Article VI, § B.4.g. of the town's zoning regulations.[2] (ROR, Item 1, part 3.)
In a letter dated November 13, 1996, the ZEO recommended to the planning and zoning commission (the commission) that it find this lighting system to be a private nuisance pursuant to Article VI, § B.1. of the zoning regulations, and in so finding, that it invoke the discretionary clause contained therein.[3] (ROR, Item 1, part 6; Item 1, part 37, p. 172.) After holding public hearings on the issue, the commission concluded that the complaint was a "private nuisance issue" and invoked the discretionary clause choosing not to act upon Wright's complaint. (ROR, Item 1, supplemental part 6, p. 4.) On December 17, 1997, the ZEO sent Wright a letter stating that he would not take enforcement action in this matter. (ROR, Item 1, part 19.)
On January 16, 1997, Wright filed an appeal to the ZBA claiming zoning agent error. (ROR, Item 1, part 21.) The ZBA determined that it did not have jurisdiction over the matter and denied Wright's appeal upon that basis. (ROR, Item 1, parts 35, 36.) On June 10, 1997, Wright appealed the board's decision to the Superior Court, and the case was remanded to the board with instructions to "determine the merits of the plaintiffs claim." (ROR, Item 4, p. 11.) On January 13, 1999, the board held a public hearing on Wright's appeal. (ROR, Item 7.) Immediately CT Page 15113 following the hearing, a meeting was held and the board voted 4 to 1 against a finding of zoning agent error. (ROR, Item 7.) Notice of the board's decision was published on January 21, 1999 in the Willimantic Chronicle. (Complaint, ¶ 4; Answer ¶ 1; ROR, Item 8.) The plaintiff commenced this appeal by service of process on February 3, 1999 pursuant to General Statutes § 8-8. The plaintiff has filed a supporting memorandum as well as a memorandum in response to the defendant's brief in opposition to the appeal.
 III. Jurisdiction
Appeals to the superior court from administrative agency decisions exist only under statutory authority. Simko v. ZoningBoard of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). "A statutory right of appeal from a decision of an administrative agency may be taken advantage of only by strict compliance with the statutory provisions by which it is created." (Internal quotation marks omitted.) Id. Such provisions "are mandatory and jurisdictional in nature, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) Id.
 A. Aggrievement
Those who own land that abuts or is within a radius of one hundred feet of the land involved in any decision of a planning and zoning commission or zoning board of appeals are statutorily aggrieved. See General Statutes § 8-8 (a); McNally v. ZoningCommission, 225 Conn. 1, 6, 621 A.2d 279 (1993); Smith v. Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987). Wright has alleged that he is an abutting landowner and that the value of his property has been affected. (Complaint, ¶ 6.) Therefore, he has properly pleaded aggrievement. Wright has also submitted proof of his aggrievement by a sworn affidavit attesting to his ownership of said property. (ROR, Item 5.) The record also reflects a plot map further establishing this fact. (ROR, Item 5, Item 1, part 29.)
 B. Timeliness of the Appeal and Service of Process
An appeal from a decision of a zoning board "shall be commenced by service of process. within fifteen days from the date the notice of the decision was published. . . ." General Statutes § 8-8 (b). The chairperson of the board and the clerk of the municipality shall be included in such service. General CT Page 15114 Statutes § 8-8 (e).
On January 13, 1999, the board voted to deny Wright's application for a finding of zoning agent error. (ROR, Item 7.) Notice of the board's decision was published on January 21, 1999 in the Willimantic Chronicle. (Complaint, ¶ 4; Answer ¶ 1; ROR, Item 8.) On February 3, 1999, the writ, summons and citation for this appeal were served in the hands of Joan Gerdsen, clerk of town of Mansfield. (Sheriffs Return.) Gerdsen also accepted service on behalf of the chairperson of the board, the clerk of the board, and the chairperson of the commission. (Sheriffs Return.) Accordingly, the appeal was timely filed and served upon the appropriate parties.
 IV. Judicial Review
An appeal from an action of a zoning enforcement officer is taken to the zoning board of appeals, which hears and decides the matter de novo. Caserta v. Zoning Board of Appeals, 226 Conn. 80,88-89, 626 A.2d 744 (1993). "[T]he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." Francini v.Zoning Board of Appeals, 228 Conn. 785, 791, 639 A.2d 519 (1994). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Spero v. Zoning Board of Appeals, supra, 217 Conn. 440.
A zoning regulation "is a local legislative enactment, and, in its interpretation, [the court is] to discern the intent of the legislative body as manifested in the words of the regulation." Spero v. Zoning Board of Appeals, supra,217 Conn. 441. "The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers." Frito-Lay, Inc.v. Planning Zoning Commission, 206 Conn. 554, 572-73,538 A.2d 1039 (1988). "Words used in zoning ordinances are interpreted in accord with their natural and usual meaning. . . . [T]he strict construction rule applies, and the regulations should not be extended by implication to include more than is within their express terms." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 34.13, pp. 604-05. "A local board CT Page 15115 or commission is in the most advantageous position to interpret its own regulations and apply them... [and] as long as honest judgment has been reasonably and fairly exercised at the local level, the trial court must not substitute its judgment for that of the zoning board." New London v. Zoning Board of Appeals,29 Conn. App. 402, 405, 615 A.2d 1054, cert. denied, 224 Conn. 922,618 A.2d 528 (1992). The court may grant relief on appeal only where the local authority has acted illegally, arbitrarily, or in abuse of its discretion. Smith v. Zoning Board of Appeals,227 Conn. 71, 80, 629 A.2d 1089 (1993); Frito-Lay, Inc. v. Planning Zoning Commission, supra, 206 Conn. 573.
 V. Discussion
The plaintiffs complaint states that "[b]y application dated January 16th, 1997 the plaintiff applied to the ZBA for a finding of zoning agent error in his [the ZEO's] decision and the decision of the [Commission] . . . to discontinue the enforcement of Article VI, Sec. B.4.g. of the regulations which requires that external lighting sources be screened or shielded from neighboring properties." The plaintiff alleges that "[i]n disapproving said application the [board] acted arbitrarily, illegally, and in abuse of its discretion in [several] respects. . . ." Specifically, the plaintiff alleges that: "[(1)] The [board] failed to find . . . the elements of private nuisance . . . [(2)] The [board] refused to permit the plaintiff the opportunity to cross-examine the [ZEO]. [(3)] The [board] failed to consider that the lights were installed without a proper electrical permit and also without the required approval of the [ZEO] . . . ; [(4)] The [board] refused to consider . . . allegations of error on the part of the [commission and the ZEO] . . .; [(5)] The [board] erroneously considered the [ZEO's] contention that the plaintiff could apply to Small Claims Court for injunctive relief . . .; [and, (6)] The [board's] decision fails to state a proper reason for its action. . . ."
A. Requirement
The plaintiff argues that "[t]he [board] found no factor about the lights that would constitute a private nuisance.... [T]hey decided that if the lights were not a public nuisance from the road then they must be a private nuisance." (Plaintiffs Responsive Brief, p. 2.) The plaintiff further maintains that the question of public versus private nuisance "is irrelevant since the [ZEO] has already determined that the lights are a zoning CT Page 15116 violation. There was no additional requirement that they also be a public nuisance before enforcement can occur." (Plaintiffs Responsive Brief, p. 3.)
The ZEO sent a letter to the Anthony's stating that their lights were in violation of Article VI, section B.4.g. of the zoning regulations. (Item 1, part 3.) The plaintiff maintains that "the [ZEO] visited the property of Mrs. Anthony and determined that her lights were in violation of Article VI, Sec. B.4.g. of the regulations as he [the ZEO] stated in a letter to the Anthonys . . . (Internal quotation marks omitted.) (Plaintiffs Brief, p. 2.[4]) The fact that the ZEO found the lights to be in violation of Article VI, § B.4.g. means that the ZEO thought the lights fit within that section of the regulations, and in order to fit within that section of the regulations, the lights must "create a hazard or nuisance to neighboring property owners or on adjacent roadways." Article VI, § B.4.g. Therefore, the determination that the lights are a nuisance is crucial to the invocation of Article VI, § B.4.g.
As the court so carefully explained in this case prior to remand, "Article VI, section B.4.g. does not provide independent duties to property owners under the zoning regulations. In reading Article VI, section B.4.g., it is clear that the regulation seeks to prohibit any land use activities from producing glare, heat or illumination which extends beyond a site's property lines and [which] creates hazards or nuisances to neighboring property owners or on adjacent roadways." (Brackets in original; emphasis in original.) Wright v. Town of Mansfield, Superior Court, Judicial District of Tolland at Rockville, Docket No. 064114 (December 3, 1998, Klaczak, J.).
Further, Article VI, section B.1. allows the commission to "determine that a complaint made pursuant to this section involves a private nuisance, the resolution of which does not significantly affect the health, safety or welfare of the Town of Mansfield. In these situations, the planning and zoning commission need not receive or act upon such alleged violation or complaint." Construing these two provision together makes it apparent "that the [commission] must determine that a publicnuisance does not exist in order to invoke Article VI, section B.1." (Emphasis added.) Wright v. Town of Mansfield, supra, Docket No. 064114.
The record before the board containes sufficient evidence CT Page 15117 that the glare produced by these lights is not a public nuisance. The evidence included the December 5, 1996 traffic authority report stating that the police didn't consider the lighting a problem nor did the traffic authority. (ROR, Item 3, Item 7.) Further, six members of the commission drove by the plaintiffs home in the evenings to view the lighting from the roadway. (ROR, Item 7.) Board members also drove by to assess the lighting themselves. (ROR, Item 7.) The town attorney provided an opinion defining the difference between public and private nuisance. (ROR, Item 3, Item 7.) The board considered the record before it and made their determination. As board member Pellegrine stated "[The commission] diligently . . . discussed the issues [and] they sought the advice of the State Police, [and] the Traffic Commission . . . [and] found that there was not a major public concern. (ROR, Item 7.)
Further, although the plaintiff continues to assert a violation of Article VI, section B.4.g., he states in his memorandum that no nuisance is present here: "this in reality is merely a zoning violation and not actionable as any kind of nuisance under common law." (Plaintiffs Brief, p. 6.) If it is not a nuisance, then Article VI, section B.4.g. was not violated.
The court finds that the plaintiff has not meet his burden of proof that the board acted illegally, arbitrarily or in abuse of its discretion in declining to enforce Article VI, section B.4.g., instead choosing to invoke the discretionary clause contained in Article VI, section B.1.
B. The Right to Cross Examination
The plaintiff further argues that "[t]he chairman refused to permit the plaintiffs cross examination of the ZEO." (Plaintiffs Brief, p. 6.) However, the plaintiff continues by stating that he "concedes that his appeal probably should not be sustained merely due to the illegal actions of the Chairman as they are harmless error. . . ." (Plaintiffs Brief, p. 7.)
The defendant argues that "[i]t is clear from a review of the proceedings that Mr. Hirsch answered all of the plaintiffs questions without interference from the chair and that the restriction was imposed so that the chair would not lose control of the meeting." Although the plaintiff, himself, contends that this was "harmless error', its importance mandates a brief discussion by the court. CT Page 15118
In the present case, the plaintiff was allowed to cross-examine witnesses only by addressing his questions to the chair of the board. (ROR, Item 7.) When the plaintiff protested, board member Pellegrine's response was: "if you wish to direct your question to someone who has spoken, you direct it to the Chair and the Chair will then ask the person to answer or he may not ask them to answer. And that is the way the Zoning Board of Appeals has operated." (ROR, Item 7.)
"While the extent of the right to cross-examination at land use agency hearings is not well-defined, there is a more extensive right to cross-examine Witnesses before an agency which acts in a quasi-judicial capacity than one which acts in an administrative capacity. Wadell v. Board of Zoning Appeals ofCity of New Haven, [136 Conn. 1, 9-10, 68 A.2d 152 (1949)]. For that reason denial of cross-examination is more significant in an appeal to the zoning board of appeals from a decision of the zoning enforcement officer or on a variance application than it would be, for example, in a zone change or site plan application to a zoning commission." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 20.12, pp. 364-65.
"Where the right of cross-examination exists, persons who want to cross-examine witnesses cannot be required to submit their questions through the agency chairman. Wadell v. Board ofZoning Appeals of City of New Haven, [supra, 136 Conn. 9-10]. While the questioner should be allowed to ask questions directly to persons who made statements at the hearings, the agency chairman has reasonable discretion in limiting the discussion between them and preventing a debate." R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 20.12, p. 365. Nevertheless, where a question of due process is raised, "the plaintiff has the burden of proof to show the board acted improperly . . . [and] that he was prejudiced by the procedural ruling." (Citation omitted.) Fromer v. Boyer-Napert Partnership,42 Conn. Sup. 57, 72, 599 A.2d 1074, affd, 26 Conn. App. 185,599 A.2d 398 (1991); see Wadell v. Board of Zoning Appeals of City ofNew Haven, supra, 136 Conn. 10.
In the present case, the plaintiff, himself, contends that the denial of his opportunity to personally cross-examine the ZEO was harmless error in that addressing his questions to the chair did not prejudice him. The court agrees that, in this particular instance, the plaintiff was not prejudiced by this procedural ruling. CT Page 15119
C. Lack of Proper Permits and Approvals
The plaintiff also argues that "[t]he record shows that the lights were installed without the required permit . . . yet no Town officials are willing to do more than make that observation." (Plaintiffs Brief, p. 7.) The court notes that these lights have been on the property, located at 920 Storrs Road, for somewhere between fifteen and twenty-five years without a prior complaint or action on the part of the ZEO. The plaintiff does not expand upon this claim nor does the defendant respond to it in its opposing memorandum.
"Claims mentioned but not adequately briefed are deemed abandoned." Brunswick v. Inland Wetlands Commission,29 Conn. App. 634, 638, 617 A.2d 466 (1992); Hall v. Weston, 167 Conn. 49,
51, 355 A.2d 79 (1974). Therefore, the court considers this claim abandoned.
D. Did the Board Refuse to Consider Allegations of Commission and ZEO error
The plaintiff next alleges in his complaint that "the decision of the [commission and the ZEO] was arbitrary, illegal, and in abuse of its discretion." The plaintiff then goes on to cite specific allegations in support of this claim. However, these allegations were brought before the board and the board conducted a review of the record and found no error.
"[F]ollowing an appeal from the action of a zoning enforcement officer to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board." Casertav. Zoning Board of Appeals, supra, 226 Conn. 82. "It is the board's responsibility, pursuant to the statutorily required hearing, to find the facts and to apply the pertinent zoning regulations to those facts. . . . In doing so the board is endowed with liberal discretion. . . . It would be inconsistent with these broad grants of power to the board, and with the concomitant procedural limitations thereon, to envision the board's function as anything less than a de novo determination of the issue before it, unfettered by the deference to the decision CT Page 15120 of the zoning officer." (Citations omitted; internal quotation marks omitted.) Id., 90.
Here, the board found that the decision of the commission and the ZEO not to enforce Article VI, section B.4.g. was supported by the record and not in error. (ROR, Item 7.) The board considered the traffic safety report, their own personal observations of the lights, the observations of the commission members, the opinion and personal observations of the ZEO, and the definitions provided by the town attorney. The board's responsibility was not to dissect the decision of the commission and the ZEO as the plaintiff would have them do. Rather, its responsibility was to take a fresh look at the record, conduct a de novo review, and make its own determination based upon that record. The board did just that and found that the record supported the decision to invoke the discretionary clause contained in Article VI, section B.1. and not to enforce the lighting nuisance violating Article VI, section B.4.g. of the zoning regulations.
E. Alternative Relief
The plaintiff argues that the ZEOs "claim that the complainants could just go to small claims court.., was seized upon by board members. . . ." The plaintiff neither expands upon this claim nor claims that he was harmed by a mention of small claims court. The record reveals that the ZEO suggested that such may be a possible alternative for the plaintiff, but there is no indication that this in any way influenced the decision of the board nor does the plaintiff claim that it did. Based upon the plaintiffs failure to actually brief this issue, the court considers it abandoned. See Brunswick v. Inland WetlandsCommission, supra, 29 Conn. App. 638; Hall v. Weston, supra,167 Conn. 51.
F. Failure to State a Reason for its Action
In his complaint, the plaintiff alleges, "[t]he ZBA's decision fails to state a proper reason for its action which is erroneous and contrary to law." However, the court finds no further mention of this issue in either the plaintiffs memorandum or his responsive memorandum. "Claims mentioned but not adequately briefed are deemed abandoned." Brunswick v. InlandWetlands Commission, supra, 29 Conn. App. 638; Hall v. Weston, supra, 167 Conn. 51. Therefore, the court may consider this claim CT Page 15121 abandoned.
Regardless of whether the plaintiff abandoned this claim, "[w]here there is failure to comply with the obligation to state reasons, the action [of the board] is not deemed void but the court must search the record to see whether the board was justified in its decision." (Internal quotation marks omitted.)West Hartford Interfaith Coalition v. Town Council,228 Conn. 498, 515, 636 A.2d 1342 (1994). Since the court has already determined that the record supports the board's decision, even if the plaintiff had not abandoned this claim, the court would not find the board's decision void on this basis.
 VI. Conclusion
The court finds that the plaintiff has failed to meet his burden of proof that the board acted arbitrarily, illegally, and in abuse of its discretion. Further the court finds that the record supports the board's decision finding no zoning agent error. The plaintiffs appeal is dismissed.
Zarella, J.