[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This appeal is brought by Dolores Scrivano and Joanne Bozadjian challenging a decision of the Town of Cromwell Zoning Board of Appeals in granting a variance to Daniel Delisle and Michele Delisle.
Daniel Delisle and Michele Delisle are the record owners of property located at 4 Grove Road in Cromwell. On July 1, 1998, Daniel and Michele Delisle applied to the Defendant Town of Cromwell Zoning Board of Appeals for a variance to the Cromwell Zoning Regulation paragraph 8.1 which described the height, yard and bulk requirements of the A-15 zone in which their property is located. The regulation required residential lots to be a minimum of 15,000 square feet. Daniel and Michele Delisle own a 22,217.7 square foot lot and sought a variance to create two building lots, one of 10,838 square feet and the other, 11,379 square feet.
A public hearing began on September 1, 1998. The public hearing was continued on October 6, 1998. At the conclusion of the public hearing on October 6, 1998, no vote was taken. The Board voted to approve the application on November 3, 1998, granting the variance. Notice was given. A timely appeal was taken.
Dolores Scrivano and Joanne Bozadjian each own lots which abut the Delisle property. In their appeal, plaintiffs claim that the Defendant Board of Zoning Appeals' decision to grant a variance was erroneous in that: 1) no unusual hardship was shown to exist; 2) the sole consideration of the applicant was financial benefit; 3) no recording was made of the public hearings and members not present at such public hearings were allowed to vote on the application, and 4) a previous application or a similar variance had been denied and there was no showing of a material change in circumstances. CT Page 4701
Plaintiffs' third claim asserts that the Zoning Board of Appeals erred in granting a variance where there was no recording made of a portion of the September 1, 1998 public hearing and members not present at such public hearings were allowed to vote on the application. of the five members who voted on the application, two members, Stachura and Davidson, were absent from the September 1, 1998 public hearing and three members, Beauchemin, Tumolo, and Davidson, were absent from the October 6, 1998 hearing. In the transcript of the first public hearing, it was stated to members that as long as the absent members listened to the tape, they would be allowed to vote on the application. However, at the September 1, 1998 hearing, inter alia, the remarks of plaintiffs' counsel concerning plaintiffs' opposition to the application, amounting to twenty-five minutes of the hearing, were deleted from the tape. Plaintiffs claim that this not only created an incomplete record but eliminated the only means by which Zoning Board of Appeals members not present at the hearing could acquaint themselves with the facts before voting.
The Defendant Zoning Board of Appeals argues that the absent board members could subsequently acquaint themselves with the proceedings of the September 1, 1998 public hearing. The Board claims that similar and more detailed arguments were made in favor and against the application on the second hearing date. As a result, the defendant Board argues, the two Board members who missed the first public hearing were able to become familiar enough with the evidence to make an informed decision. In addition, the Zoning Board of Appeals claims that the minutes of the September 1, 1998 public hearing contain a detailed description of the evidence presented at the hearing. However, neither the tape, nor the transcript is available; therefore, there is no independent way for the court to assess these assertions.
The defendant property owner was defaulted and the only defendant appearing was the Zoning Board of Appeals. No party sought the introduction of additional evidence pursuant to General Statutes section 8-8 (k).[1]
Since the court finds that an improper vote was taken on the application due to the defective recording of the first hearing, plaintiffs' other claims need not be addressed.
Aggrievement
"To be entitled to an appeal from a decision on the planning or CT Page 4702 zoning authorities, appellants must allege and prove that they were aggrieved parties. They are required to establish that they were aggrieved by showing that they had a specific, personal an legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specifically and injuriously affected in their property or other legal interests." Gregorio v. Zoning Board ofAppeals, 155 Conn. 422, 425-26, 232 A.2d 330, 333 (1967) (quotingKrejpcio v. Zoning Board of Appeals, 152 Conn. 657, 660,211 A.2d 687, 689; I.R. Stich Associates, Inc. v. Town Council,155 Conn. 1, 3, 229 A.2d 545, 546).
Plaintiffs have testified that they own real estate which abuts the property at 4 Grove Road, Cromwell. ". . . [A]ggrievement must be established by the trial court. It is a question of fact for the trial court to determine. Parcesepe v. Zoning Board of Appeals,154 Conn. 46, 47, 221 A.2d 270 (1966) (quoting Josephson v. PlanningBoard, 151 Conn. 489, 492, 199 A.2d 690; Luery v. Zoning Board,150 Conn. 136, 140, 187 A.2d 247); Primerica v. Planning ZoningCommission, 211 Conn. 85, 93, 558 A.2d 646 (1989).
Our legislature has determined that property owners who abut the property in question, as here, are aggrieved persons. Connecticut General Statutes § 8-8 (1). Therefore, the plaintiffs have established aggrievement.
The Appeal on its Merits
Connecticut General Statutes § 8-7a provides that "[t]he zoning commission, planning commission, planning and zoning commission and zoning board of appeals shall call in a competent stenographer to take the evidence, or shall cause the evidence to be recorded by a sound-recording device, in each hearing before such commission or board in which the right or appeal lies to the superior court."
If the tape of a hearing is significantly defective, an agency member who did not attend the hearing and votes on the application renders that vote unlawful. In Brunswick v. Inland WetlandsCommission, 29 Conn. App. 634, 641, 642, 617 A.2d 466 (1992), the court found that an agency member was not sufficiently informed to participate in the vote in question after reading an unintelligible transcript of a public hearing. Although the agency member had attended two out of three public hearings, the court stated that since the tapes of the third hearing were unintelligible, "reviewing them could not sufficiently acquaint [the member] with what took CT Page 4703 place during his absence." Id. at 642.
Where two members of a zoning board did not attend the public hearing and listened to an incomplete tape cassette of the hearing, the court sustained the plaintiff's appeal because the members had an insufficient basis to acquaint themselves with the proceedings in order to make an informed decision. Grillo v. Zoning Board ofAppeals, No. 521987, 1993 WL 146674, at *1 (Conn.Super. April 28, 1993). The court regarded the defendant's conclusion that the missing portion of the tape was a summation by the plaintiff's attorney and therefore mere repetition of previous testimony as "speculative." Seeid. at *2. In addition, the court stated that the final portion of the tape was not the only part which was unclear. See id.
As in Brunswick v. Inland Wetlands Commission, 29 Conn. App. 634,641, 642, 617 A.2d 466 (1992), the tape of the September 1, 1998 hearing was significantly deficient and there was no means by which the two members who did not attend the meeting could sufficiently acquaint themselves with the evidence prior to voting. In Brunswick,
the transcript was missing entire paragraphs of testimony; here, twenty-five minutes have been deleted from the tape. Defendant's contention that the second public hearing consisted of similar and more detailed arguments which allowed the members to become familiar with the facts and evidence is speculative. There is no way to confirm that the October 6, 1998 hearing was a complete repetition of the September 1, 1998 hearing. In addition, the minutes of the September 1, 1998 meeting include only a simple summary of the plaintiff attorney's comments and could not have adequately familiarized absent members with the issues at hand. Therefore, the members "did not receive the benefit which the evidence and his arguments might have provided, nor did [their] subsequent efforts to acquaint [themselves] with the facts overcome the handicap to which [they were] subjected." Watson v. Howard, 138 Conn. 464, 468,86 A.2d 67, 68 (1952).
The court finds that the grant of variance by the Zoning Board of Appeals deficient as a result of the votes by members not sufficiently acquainted with the substantial information provided at the September 1, 1998 public hearing. Pursuant to General Statutes8-8 (1), the court orders that the plaintiff's appeal is sustained and the grant of variance to the defendants, Daniel Delisle and Michele Delisle by the defendant Town of Cromwell Zoning Board of Appeals, is reversed.
It is ordered. CT Page 4704
BY THE COURT
MUNRO, J.