[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This appeal is brought by Eileen M. Pollard challenging a decision of the Middlebury Zoning Board of Appeals grating an application for three variances for certain real property owned by the Defendants, Roger and Eleanor J. Carroll.
The plaintiff owns real property that abuts the property in question and, therefore, is statutorily aggrieved by the decision of the Zoning Board of Appeals. C.G.S. § 8-8(1).
At trial, the plaintiff was allowed to supplement the record by eliciting testimony from member of the Zoning Board of Appeals concerning the Carroll's application. That application was first considered at the Zoning Board of Appeals' meeting of September 2, 1998. It was also considered at several other meetings and granted at the meeting of December 7, 1998.
The evidence establishes that certain members who voted to grant the application had not attended the September 2 meeting and could not have sufficiently familiarized themselves with the issues considered at that public hearing because the sound recording equipment failed to record the meeting and there was no stenographic record of same.
Section 8-7a of the General Statutes requires that at each hearing before the Zoning Board of Appeals in which the right of appeal lies to the Superior Court, a competent stenographer take the evidence or the evidence be recorded by a sound recording device. In the instant case, neither was accomplished.
Further, the witnesses, who comprised all of the members and alternates CT Page 13210 of the Zoning Board of Appeals at the times in question, were unanimous in their testimony that they had no recollection of what was discussed at the September meeting nor had they any records of same.
In accord with Brunswick v. Inland Wetland Commission, 29 Conn. App. 634
(1992) and the statutory requirement that a transcript of public hearing be provided at trial, C.G.S. §§ 8-7a and 8-8(2)(i). The Appeal is sustained.
THOMAS G. WEST, J.